FILED
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2010 ★
BROOKLYN OFFICE

RLC:SLT
F.# 2010R00407/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JONATHAN BRAUN,

        Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 10 - 433

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(vii), 846, 853, 960(a)(1), 960(b)(1)(G) and 963; T. 18, U.S.C., §§ 982, 1956(h), 2 and 3551 et seq.

TOWNES, J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Import Marijuana)

1. On or about and between January 1, 2009 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1000 kilograms or more of a substance containing

marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute Marijuana)

2. On or about and between January 1, 2009 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 1000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Possession of Marijuana with Intent to Distribute)

3. On or about May 11, 2009, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, together with others, did knowingly and intentionally distribute

2

and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Money Laundering Conspiracy)

4. On or about and between January 1, 2009 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Canada, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole and in part to avoid one or more transaction reporting

3

requirements under Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS ONE THROUGH THREE
(Marijuana Trafficking)

5. The United States hereby gives notice to the defendant JONATHAN BRAUN that, upon conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to, a sum of money equal to the total amount of gross proceeds the defendants obtained as a result of the offense, including, but not limited to, the following:

4

## Money Judgment

a. a sum of money equal to at least approximately $3,000,000.00, the total amount of gross proceeds the defendant obtained as a result of the offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

5

## CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT FOUR
(Money Laundering Conspiracy)

7. The United States hereby gives notice to the defendant JONATHAN BRAUN that, upon conviction of the offense charged in Count Four of the Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to, the following:

### Money Judgment

    a. a sum of money equal to at least approximately $3,000,000.00, the total amount of gross proceeds the defendant obtained as a result of the offenses.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

  (Title 21, United States Code, Section 853; Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD.34
JUN.85

No. _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

THE UNITED STATES OF AMERICA

vs.

JONATHAN BRAUN,

Defendant.

## INDICTMENT

Cr. No. _____
(T.21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(vii), 846, 853, 960(a)(1), 960(b)(1)(G) and 963; T. 18, U.S.C., §§ 982, 1956(h), 2 and 3551 et seq.)

A true bill.

_____ Foreman

Filed in open court this _____ day.
of _____ A.D. 19___

_____ Clerk

Bail, $_____

STEVE TISCIONE, AUSA 718-254-6317