Westlaw.

T.I.A.S. No. 5476, 14 U.S.T. 1707, 1963 WL 65166 (U.S. Treaty)  Page 1

T.I.A.S. No. 5476, 14 U.S.T. 1707, 1963 WL 65166 (U.S. Treaty)

UNITED STATES OF AMERICA
Israel

Extradition

Convention signed at Washington December 10, 1962;

Ratification advised by the Senate of the United States of America October 22, 1963;

Ratified by the President of the United States of America October 29, 1963;

Ratified by Israel November 29, 1963;

Ratifications exchanged December 5, 1963;

Proclaimed by the President of the United States of America December 20, 1963;

Entered into force December 5, 1963.

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

CONVENTION ON EXTRADITION BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE STATE OF ISRAEL

ARTICLE I

ARTICLE II

ARTICLE III

ARTICLE IV

ARTICLE V

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

ARTICLE VI

ARTICLE VII

ARTICLE VIII

ARTICLE IX

ARTICLE X

ARTICLE XI

ARTICLE XII

ARTICLE XIII

ARTICLE XIV

ARTICLE XV

ARTICLE XVI

ARTICLE XVII

ARTICLE XVIII

ARTICLE XIX

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

***1** WHEREAS a convention on extradition between the Government of the United States of America and the Government of the State of Israel was signed at Washington on December 10, 1962, the original of which convention, being in the English and Hebrew languages, is word for word as follows:

**CONVENTION ON EXTRADITION BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE STATE OF ISRAEL**
The Government of the United States of America and the Government of the State of Israel, desiring to make more effective the cooperation of the two countries in the repression of crime, agree as follows:

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

## ARTICLE I

Each Contracting Party agrees, under the conditions and circumstances established by the present Convention, reciprocally to deliver up persons found in its territory who have been charged with or convicted of any of the offenses mentioned in Article II of the present Convention committed within the territorial jurisdiction of the other, or outside thereof under the conditions specified in Article III of the present Convention.

## ARTICLE II

Persons shall be delivered up according to the provisions of the present Convention for prosecution when they have been charged with, or to undergo sentence when they have been convicted of, any of the following offenses:

1. Murder.

2. Manslaughter.

3. Malicious wounding; inflicting grievous bodily harm.

4. Rape.

5. Abortion.

6. Unlawful carnal knowledge of a girl under the age specified by the laws of both the requesting and requested Parties.

7. Procuration.

8. Willful non-support or willful abandonment of a minor or other dependent person when the life of that minor or that dependent person is or is likely to be injured or endangered.

9. Kidnapping; abduction; false imprisonment.

10. Robbery.

11. Burglary; housebreaking.

12. Larceny.

13. Embezzlement.

14. Obtaining money, valuable securities or goods by false pretenses or by threats or force.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

15. Bribery.

16. Extortion.

17. Receiving any money, valuable securities or other property knowing the same to have been unlawfully obtained.

18. Fraud by a bailee, banker, agent, factor, trustee, executor, administrator or by a director or officer of any company.

19. Forgery, including forgery of banknotes, or uttering what is forged.

20. The forgery or false making of official documents or public records of the government or public authority or the uttering or fraudulent use of the same.

21. The making or the utterance, circulation or fraudulent use of counterfeit money or counterfeit seals, stamps, dies and marks of the government or public authority.

22. Knowingly and without lawful authority making or having in possession any instrument, tool, or machine adapted and intended for the counterfeiting of money, whether coin or paper.

23. Perjury; subornation of perjury.

24. Arson.

25. Any malicious act done with intent to endanger the safety of any persons travelling upon a railway.

26. Piracy, by the law of nations; mutiny on board a vessel for the purpose of rebelling against the authority of the Captain or Commander of such vessel; by fraud or violence taking possession of such vessel.

27. Malicious injury to property.

28. Smuggling.

29. False swearing.

30. Offenses against the bankruptcy laws.

31. Offenses against the laws relating to dangerous drugs.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Extradition shall be granted for any of the offenses numbered 27 through 31 only if the offense is punishable under the laws of both Parties by a term of imprisonment exceeding three years.

Extradition shall also be granted for attempts to commit or conspiracy to commit any of the offenses mentioned in this Article provided such attempts or such conspiracy are punishable under the laws of both Parties by a term of imprisonment exceeding three years.

Extradition shall also be granted for participation in any of the offenses mentioned in this Article.

## ARTICLE III

When the offense has been committed outside the territorial jurisdiction of the requesting Party, extradition need not be granted unless the laws of the requested Party provide for the punishment of such an offense committed in similar circumstances.

The words "territorial jurisdiction" as used in this Article and in Article I of the present Convention mean: territory, including territorial waters, and the airspace thereover belonging to or under the control of one of the Contracting Parties, and vessels and aircraft belonging to one of the Contracting Parties or to a citizen or corporation thereof when such vessel is on the high seas or such aircraft is over the high seas.

## ARTICLE IV

A requested Party shall not decline to extradite a person sought because such person is a national of the requested Party.

## ARTICLE V

Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either to justify his committal for trial if the offense of which he is accused had been committed in that place or to prove that he is the identical person convicted by the courts of the requesting Party.

## ARTICLE VI

Extradition shall not be granted in any of the following circumstances:

1. When the person whose surrender is sought is being proceeded against, or has been tried and discharged or punished, in the territory of the requested Party for the offense for which his extradition is requested.

2. When the person whose surrender is sought has been tried and acquitted, or undergone his punishment, in a third State for the offense for which his extradition is requested.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

3. When the prosecution or the enforcement of the penalty for the offense has become barred by lapse of time according to the laws of the requesting Party or would be barred by lapse of time according to the laws of the requested Party had the offense been committed in its territory.

4. When the offense is regarded by the requested Party as one of a political character or if the person sought proves that the request for his extradition has, in fact, been made with a view to trying or punishing him for an offense of a political character.

### ARTICLE VII

When the offense for which the extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not permit such punishment for that offense, extradition may be refused unless the requesting Party provides such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

### ARTICLE VIII

When the person whose extradition is requested is being proceeded against or is serving a sentence in the territory of the requested Party for an offense other than that for which extradition has been requested, his surrender may be deferred until the conclusion of the proceedings and the full execution of any punishment he may be or may have been awarded.

### ARTICLE IX

The determination that extradition based upon the request therefor should or should not be granted shall be made in accordance with the domestic law of the requested Party and the person whose extradition is sought shall have the right to use such remedies and recourses as are provided by such law.

### ARTICLE X

The request for extradition shall be made through the diplomatic channel.

The request shall be accompanied by a description of the person sought, a statement of the facts of the case, the text of the applicable laws of the requesting Party including the law prescribing the punishment for the offense as well as the law relating to the limitation of the legal proceedings or the enforcement of the penalty for the offense.

When the request relates to a person who has not yet been convicted, it must also be accompanied by a warrant of arrest issued by a judge or commissioner of the requesting Party and by such evidence as, according to the laws of the requested Party, would justify his arrest if the offense

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

had been committed there.

When the request relates to a person already convicted, it must be accompanied by the judgment of conviction and sentence passed against him in the territory of the requesting Party and by a statement showing how much of the sentence has not been served.

The warrant of arrest and depositions or other evidence, given under oath, and the judicial documents establishing the existence of the conviction, or certified copies of these documents, shall be admitted in evidence in the examination of the request for extradition, when, in the case of a request emanating from Israel, they bear the signature or are accompanied by the attestation of a judge, magistrate or other official or are authenticated by the official seal of the Ministry of Justice and, in any case, are certified by the principal diplomatic or consular officer of the United States in Israel, or when, in the case of a request emanating from the United States, they are authenticated by the official seal of the Department of State.

The documents in support of the request for extradition shall be accompanied by a certified translation thereof into the language of the requested Party.

## ARTICLE XI

In case of urgency a Contracting Party may apply for the provisional arrest of the person sought pending the presentation of the request for extradition through the diplomatic channel. The application shall contain a description of the person sought, an indication of intention to request the extradition of the person sought and a statement of the existence of a warrant of arrest or a judgment of conviction against that person, and such further information, if any, as would be necessary to justify the issue of a warrant of arrest had the offense been committed, or the person sought been convicted, in the territory of the requested Party.

On receipt of such an application the requested Party shall take the necessary steps to secure the arrest of the person claimed.

A person arrested upon such an application shall be set at liberty upon the expiration of sixty days from the date of his arrest if a request for his extradition accompanied by the documents specified in Article X shall not have been received. However, this stipulation shall not prevent the institution of proceedings with a view to extraditing the person sought if the request is subsequently received.

## ARTICLE XII

If the requested Party requires additional evidence or information to enable it to decide on the request for extradition, such evidence or information shall be submitted to it within such time as that Party shall require.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

If the person sought is under arrest and the additional evidence or information submitted as aforesaid is not sufficient or if such evidence or information is not received within the period specified by the requested Party, he shall be discharged from custody. However, such discharge shall not bar the requesting Party from submitting another request in respect of the same offense.

### ARTICLE XIII

A person extradited under the present Convention shall not be detained, tried or punished in the territory of the requesting Party for any offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

1. He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;

2. He has not left the territory of the requesting Party within 60 days after being free to do so; or

3. The requested Party has consented to his detention, trial, punishment or extradition to a third State for an offense other than that for which extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

### ARTICLE XIV

A requested Party upon receiving two or more requests for the extradition of the same person either for the same offense, or for different offenses, shall determine to which of the requesting States it will extradite the person sought, taking into consideration the circumstances and particularly the possibility of a later extradition between the requesting States, the seriousness of each offense, the place where the offense was committed, the nationality of the person sought, the dates upon which the requests were received and the provisions of any extradition agreements between the requested Party and the other requesting State or States.

### ARTICLE XV

The requested Party shall promptly communicate to the requesting Party through the diplomatic channel the decision on the request for extradition.

If extradition is granted, the person sought shall be conveyed by the authorities of the requested Party to the frontier or port of embarkation or airport in the territory of that Party which the diplomatic or consular agent of the requesting Party shall designate.

If a warrant or order for the extradition of a person sought has been issued by the competent authority and he is not removed from the territory of the requested Party within such time as may be prescribed by the laws of that Party, he may be set at liberty and the requested Party may sub-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

sequently refuse to extradite that person for the same offense.

## ARTICLE XVI

To the extent permitted under the law of the requested Party and subject to the rights of third parties, which shall be duly respected, all articles acquired as a result of the offense or which may be required as evidence shall, if found, be surrendered if extradition is granted.

## ARTICLE XVII

The right to transport through the territory of one of the Contracting Parties a person surrendered to the other Contracting Party by a third State shall be granted on request made through the diplomatic channel accompanied by the documents referred to in Article X of the present Convention provided that conditions are present which would warrant extradition of such person by the State of transit and reasons of public order are not opposed to the transit.

The Party to which the person has been extradited shall reimburse the Party through whose territory such person is transported for any expenses incurred by the latter in connection with such transportation.

## ARTICLE XVIII

Expenses related to the transportation of the person sought shall be paid by the requesting Party. The appropriate legal officers of the country in which the extradition proceedings take place shall, by all legal means within their power, assist the officers of the requesting Party before the respective judges and magistrates. No pecuniary claim, arising out of the arrest, detention, examination and surrender of persons sought under the terms of this Convention, shall be made by the requested Party against the requesting Party other than as specified in the second paragraph of this Article and other than for the lodging, maintenance and board of the person sought.

The legal officers, other officers of the requested Party, and court stenographers, if any, of the requested Party who shall, in the usual course of their duty, give assistance and who receive no salary or compensation other than specific fees for services performed, shall be entitled to receive from the requesting Party the usual payment for such acts or services performed by them in the same manner and to the same amount as though such acts or services had been performed in ordinary criminal proceedings under the laws of the country of which they are officers.

## ARTICLE XIX

This Convention shall be ratified and the ratifications shall be exchanged in Israel as soon as possible.

This Convention shall enter into force upon the exchange of ratifications. It may be terminated

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

by either Contracting Party giving notice of termination to the other Contracting Party at any time and the termination shall be effective six months after the date of receipt of such notice.

IN WITNESS WHEREOF the undersigned, being duly authorized thereto by their respective Governments, have signed this Convention.

DONE in duplicate at Washington this tenth day of December, one thousand nine hundred sixty-two, corresponding to the thirteenth day of Kislev, five thousand seven hundred and twenty-three, in the English and Hebrew languages, both versions being equally authentic.

FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA:
DEAN RUSK

FOR THE GOVERNMENT OF THE STATE OF ISRAEL:

AVRAHAM HARMAN.

WHEREAS the Senate of the United States of America by their resolution of October 22, 1963, two-thirds of the Senators present concurring therein, did advise and consent to the ratification of the said convention;

WHEREAS the said convention was ratified by the President of the United States of America on October 29, 1963, in pursuance of the aforesaid advice and consent of the Senate, and was ratified on the part of the Government of the State of Israel on November 29, 1963;

WHEREAS the respective instruments of ratification of the said convention were exchanged on December 5, 1963;

AND WHEREAS it is provided in Article XIX of the said convention that the convention shall enter into force upon the exchange of ratifications;

NOW, THEREFORE, be it known that I, Lyndon B. Johnson, President of the United States of America, do hereby proclaim and make public the said convention to the end that the same and every article and clause thereof may be observed and fulfilled in good faith on and after December 5, 1963, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this twentieth day of December in the year of our Lord one thousand nine hundred sixty-three and of the Independence of the United States of America the one hundred eighty-eighth.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 1:10-cr-00433-KAM   Document 13-6   Filed 06/16/10   Page 11 of 11 PageID #: 103

LYNDON B. JOHNSON
[SEAL]
By the President:

DEAN RUSK
*Secretary of State*

T.I.A.S. No. 5476, 14 U.S.T. 1707, 1963 WL 65166 (U.S. Treaty)
END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.