| 109TH CONGRESS<br>*1st Session* | SENATE | TREATY DOC.<br>109–3 |
| --- | --- | --- |

## PROTOCOL AMENDING EXTRADITION CONVENTION WITH ISRAEL

———————

# MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

PROTOCOL BETWEEN THE GOVERNMENT OF THE UNITED STATES AND THE GOVERNMENT OF THE STATE OF ISRAEL AMENDING THE CONVENTION ON EXTRADITION, SIGNED AT JERUSALEM ON JULY 6, 2005



SEPTEMBER 13, 2005.—The Protocol was read the first time, and together with the accompanying papers, referred to the Committee on Foreign Relations and order to be printed for the use of the Senate

———————

U.S. GOVERNMENT PRINTING OFFICE

39–118                    WASHINGTON : 2005

## LETTER OF TRANSMITTAL

———————

THE WHITE HOUSE, *September 13, 2005.*

*To the Senate of the United States:*

With a view to receiving the advice and consent of the Senate to ratification, I transmit herewith the Protocol between the Government of the United States and the Government of the State of Israel, signed at Jerusalem on July 6, 2005.

In addition, I transmit for the information of the Senate the report of the Department of State with respect to the Protocol. As the report explains, the Protocol will not require implementing legislation.

The Protocol amends the Convention Relating to Extradition (the "1962 Convention"), signed at Washington on December 10, 1962. The Protocol updates the 1962 Convention in a manner consistent with our modern extradition treaties. The Protocol will, upon entry into force, enhance cooperation between the law enforcement communities of both nations and make a significant contribution to international law enforcement efforts.

I recommend that the Senate give early and favorable consideration to the Protocol and give its advice and consent to ratification.

GEORGE W. BUSH.

## LETTER OF SUBMITTAL

————————

DEPARTMENT OF STATE,
*Washington, August 15, 2005.*

The PRESIDENT,
*The White House.*

THE PRESIDENT: I have the honor to submit to you the Protocol between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition ("Protocol"), signed at Jerusalem on July 6, 2005. Upon its entry into force, the Protocol would amend the Convention Relating to Extradition signed at Washington on December 10, 1962 ("1962 Convention"). I recommend that the Protocol be transmitted to the Senate for its advice and consent to ratification.

The Protocol updates the existing Convention in a manner consistent with our modern extradition treaties. The Protocol will enhance cooperation between the law enforcement communities of both nations and make a significant contribution to international law enforcement efforts.

The Protocol is designed to be self-executing and will not require implementing legislation.

Article 1 of the Protocol amends the 1962 Convention, by deleting the pre-existing Article II and replacing it with New Article II. New Article II(1) replaces the current list of extraditable offenses in Article II of the 1962 Convention with a modern dual criminality provision that requires that the offense for which a fugitive is requested be punishable under laws of both states for a period of one year or by a more severe penalty.

New Article II(2) defines an extraditable offense to include also any attempt or conspiracy to commit an offense, participation in an offense, aiding and abetting, counseling, causing or procuring the commission of an offense, or being an accessory before or after the fact, provided that such attempt, conspiracy, participation, aiding and abetting, counseling, causing or procuring, or being an accessory is punishable under the laws of both Parties by deprivation of liberty for a period of one year or by a more severe penalty.

Additional flexibility is provided by New Article II(3), which provides that an offense shall be considered an extraditable offense: (1) whether or not the laws of the parties place the offense within the same category of offenses or describe the offense by the same terminology; (2) whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

(V)

VI

New Article II(4) provides that if extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request, even if the other offenses are punishable by less than one year's deprivation of liberty, provided that all other requirements for extradition have been met.

Article 2 of the Protocol amends the 1962 Convention, by replacing the pre-existing Article IV with New Article IV. New Article IV(1), provides that, except as provided in the New Article IV, extradition shall not be refused on the ground that the person sought is a national of the Requested Party.

New Article IV(2) states that if domestic law so requires, a Party may condition the extradition of a national and resident upon an assurance that, if the person sought is sentenced to a term of imprisonment after extradition, the person shall be returned to the Requested Party to serve the sentence imposed in the Requesting Party. This would allow an Israeli citizen to be extradited to the United States with assurances that the fugitive may return to Israel to serve any sentence imposed in the United States.

New Article IV(3) sets out the procedures with respect to assurances made pursuant to New Article IV(2). New Article IV(3)(a) states that an assurance shall cease to have effect if the person agrees to serve any sentence imposed in the Requesting Party or refuses to consent or withdraws a prior consent to serve the sentence in the Requested Party.

New Article IV(3)(b) requires that the Requesting Party shall promptly inform the Requested Party of the results of the trial or sentencing and of appeal or other judicial review of the judgment, if any.

New Article IV(3)(c) states that when a prison sentence imposed following an Article IV(2) extradition has become final, the Parties shall thereafter make best efforts to transfer the person as expeditiously as possible. New Article IV(3)(d) states that if a person extradited under an Article IV(2) assurance is given a prison sentence and is also ordered to pay a fine or restitution, the Requested Party shall take steps to collect the fine or restitution to the extent possible.

New Article IV(3)(e) provides that the return of a person following an Article IV(2) assurance, to the extent that it is not inconsistent with Article IV, shall be in accord with other treaties and agreement regarding the transfer of sentenced persons in force between the Parties, unless the Parties agree otherwise. Notably, both the United States and Israel are parties to the Council of Europe Convention on the Transfer of Sentenced Persons.

New Article IV(4) and (5) provide for imposition of the Requesting Party's sentence even if that sentence exceeds the maximum penalty for such offense in the Requested Party. Paragraph (4) covers situations where the fugitive is extradited, tried and sentenced, and returned to serve that sentence pursuant to an assurance under paragraph (2). Paragraph (5) covers situations where the fugitive has fled after having been sentenced and is not extradited because he or she is a national of the Requested State and the Requested State will not extradite its nationals in such circumstances.

VII

New Article IV(6) provides that if extradition of a national and resident is refused because an assurance as set forth in New Article IV(2) has not been provided, the Requested Party shall, at the request of the Requesting Party, submit the case to its authorities for a decision as to prosecution.

Article 3 of the Protocol replaces pre-existing Article VI with New Articles VI and VI bis. As is customary in extradition treaties, New Article VI incorporates a political offense exception to the obligation to extradite. New Article VI(1) states generally that extradition shall not be granted for political offenses.

New Article VI(2) specifies six categories of offenses that shall not be considered to be political offenses: (a) a murder or other violent crime against the Head of State of a Contracting Party, or of a member of the Head of State's family; (b) an offense for which both Parties are obliged pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; (c) murder, manslaughter, malicious wounding, or inflicting grievous bodily harm; (d) an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage; (e) an offense involving the making, use or possession of a bomb, grenade, rocket or any other explosive, incendiary or destructive device with the intention to endanger life or cause serious damage to property; and (f) a conspiracy to commit any of the foregoing offenses, or aiding and abetting, counseling or participating as an accomplice of a person who commits or attempts to commit such offenses.

New Article VI(3) provides that the executive authority of the Requested Party may refuse extradition for offenses under military law that are not offenses under ordinary criminal law (e.g. desertion).

New Article VI(4) provides that extradition shall not be granted if the executive authority of the Requested Party (for the United States, the Secretary of State) determines that the request was primarily politically motivated or made for the primary purpose of prosecuting or punishing someone on account of his race or religion.

New Article VI bis (1) bars extradition when the person sought has been convicted or acquitted in the Requested Party or another country for the same offense. New Article VI bis (2) provides that extradition shall not be precluded by the fact that competent authorities in the Requested Party have declined to prosecute or have decided to discontinue criminal proceedings against the person sought.

Article 4 of the Protocol replaces pre-existing Article VIII with New Articles VIII and VIII bis. New Article VIII concerns temporary and deferred surrender. New Article VIII(1) states that if a person whose extradition is sought is being investigated or prosecuted in the Requested Party, that State may postpone extradition proceedings until its prosecution has been concluded. According to New Article VIII(2), if extradition is granted in the case of a person who is being proceeded against or is serving a sentence in the Requested Party, that State may still postpone surrender until the

VIII

person has served any sentence imposed or may temporarily surrender the person sought.

New Article VIII bis introduces a more flexible statute of limitations provision. The 1962 Convention provides that if an offense is time-barred in the Requested Party, extradition shall not be granted. New Article VIII bis would limit this exception to only those situations where the Requested Party's laws required the denial of extradition.

Article 5 deletes Article IX of the 1962 Convention. The pre-existing Article IX provided that extradition determinations shall be made in accordance with the domestic law of the Requested Party and that the person whose extradition is sought shall have the right to use such remedies and recourses as are provided by such law. This provision has been removed as unnecessary and confusing.

Article 6 of the Protocol replaces pre-existing Article X with New Articles X, X bis and X ter. New Article X establishes the procedures and describes the documents that are required to support a request for extradition. It requires that all requests be submitted through the diplomatic channel. New Article X bis establishes the procedures under which documents submitted pursuant to the Protocol shall be received and admitted into evidence. It streamlines the authentication provisions by eliminating the need for diplomatic or consular authentication of Israeli requests. Instead, Israeli requests would be authenticated by the official seal of the Israeli Ministry of Justice.

New Article X ter stipulates that the request for extradition and all other documents submitted by the Requesting Party shall be translated into the language of the Requested Party, unless otherwise agreed.

Article 7 of the Protocol replaces Article XI of the Convention. New Article XI sets forth procedures for the provisional arrest and detention, in case of urgency, of a person sought pending presentation of the formal request for extradition. New Article XI(1) provides that a request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Israeli Ministry of Justice. New Article XI(2) lists the components required for a proper provisional arrest request.

New Article XI(3) requires that the Requesting Party shall be notified without delay of the disposition of its request for provisional arrest and the reasons for any inability to proceed with the request.

New Article XI(4) provides that if the Requested Party's executive authority has not received the request for extradition and supporting documentation required in Article X bis within 60 days after the provisional arrest, the person may be discharged from custody. New Article XI(5) states that discharge from custody pursuant to New Article XI(4) does not prejudice subsequent rearrest and extradition upon later delivery of the extradition request and supporting documents.

Article 8 of the Protocol replaces Article XIII of the Convention. New Article XIII(1) sets forth the rule of speciality. It provides, subject to specific exceptions, that a person extradited under the

IX

Treaty may not be detained, tried, or punished in the Requesting Party for an offense other than that for which extradition has been granted. This prohibition applies, unless (a) the offense is based on the same facts as the offense for which extradition was granted; (b) the offense was committed after the extradition of the person; or (c) the offense is one for which the executive authority of the Requested Party consents to the person's detention.

New Article XIII(2) prohibits the Requesting Party from extraditing such person to a third State or surrendering such person to an international tribunal for an offense committed prior to the original surrender unless the Requested Party consents.

New Article XIII(3) states that if a person leaves the territory of the Requesting Party after extradition and voluntarily returns to it or that person does not leave the territory of the Requesting Party within 30 days of when he is free to leave, then he may be detained, tried, punished, extradited to a third State or surrendered to an international tribunal.

Article 9 replaces pre-existing Article XVII on the waiver of consent to extradition proceedings. New Article XVII specifies that if a fugitive consents to be surrendered, he will be extradited without further proceedings.

Article 10 replaces pre-existing Article XVIII with New Articles XVIII, XVIII bis and XVIII ter. New Article XVIII provides that either Party may authorize transportation through its territory of a person surrendered to the other Party by a third State or from the other Party to a third State. Authorization is not required when air transportation is used by one Party and no landing is scheduled in the territory of the other Party. In the event of an unscheduled landing, New Article VIII(2) provides for a procedure by which the Party in which the landing occurs may require a request for transit. New Article VIII(3) provides that the Party requesting transit shall reimburse the Party through whose territory such person is transported for any expense incurred by the latter in connection with such transportation, unless otherwise agreed.

New Article XVIII bis specifies that the Requested Party represents the Requesting Party in extradition proceedings and providing for the costs of such representation.

New Article XVIII ter provides that the U.S. Department of Justice and the Ministry of Justice of Israel may consult with each other in connection with the processing of individual cases and in furtherance of efficient implementation of the Convention.

Article 11 of the Protocol provides that the Protocol applies to offenses committed before as well as after the date it enters into force.

Article 12 of the Protocol provides that the Protocol, which is subject to ratification, shall enter into force on the date of the latter of the diplomatic notes by which the Parties notify each other that their internal legal requirements for the entering into force of the Protocol have been satisfied.

The Department of Justice joins the Department of State in favoring approval of this Treaty by the Senate at the earliest possible date.

Respectfully Submitted.

CONDOLEEZZA RICE.

# PROTOCOL

## between

## THE GOVERNMENT OF THE UNITED STATES

## and

## THE GOVERNMENT OF THE STATE OF ISRAEL

## AMENDING THE CONVENTION ON EXTRADITION

## Signed at Washington, D.C. on December 10, 1962,

THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE STATE OF ISRAEL (hereinafter the "Parties");

RECOGNIZING the close bilateral relationship which exists between them reflected in numerous instruments and mechanisms of legal cooperation;

COMMITTED to strengthening legal cooperation in the fight against crime;

DESIRING to make more effective the Extradition Convention between the Parties, signed at Washington on December 10, 1962 (hereinafter "the 1962 Convention"); and

NOTING that "Convention" refers to the 1962 Convention as amended by this Protocol;

HAVE AGREED as follows:

2

**ARTICLE 1**

Article II of the Convention is deleted and replaced by the following text:

"ARTICLE II

EXTRADITABLE OFFENSES

1.  An offence shall be an extraditable offense if it is punishable under the laws in both Parties by deprivation of liberty for a period of one year or by a more severe penalty.

2.  An offense shall also be an extraditable offense if it consists of an attempt or conspiracy to commit an offense, participation in an offense, aiding and abetting, counseling, causing or procuring the commission of an offense, or being an accessory before or after the fact, provided that such attempt, conspiracy, participation, aiding and abetting, counseling, causing or procuring, or being an accessory is punishable under the laws of both Parties by deprivation of liberty for a period of one year or by a more severe penalty.

3.  For the purposes of this Article, an offense shall be an extraditable offense whether or not the laws in the Requesting and Requested Parties place the offense within the same category of offenses or describe the offense by the same terminology. In this connection, it is understood that with regard to offenses under the federal law of the United States which require a showing of such matters as interstate transportation, or use of mails or of other facilities affecting interstate or foreign commerce, such matters are merely for the purpose of establishing jurisdiction in the United States federal courts and the absence of such matters in the definition of the offense according to Israeli law shall not affect the determination of dual criminality according to this Article.

4.  If extradition has been granted for an extraditable offense, it may also be granted for any other offense specified in the request, even if the latter offense is punishable by deprivation of liberty for a period of less than one year, provided that all other requirements for extradition are fulfilled."

**ARTICLE 2**

Article IV of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE IV

EXTRADITION OF NATIONALS

3

1.   Except as provided in this Article, the Requested Party shall not refuse extradition solely on the basis of nationality.

2.   If the law of the Requested Party so requires, that Party may condition the extradition of a national and resident upon an assurance that, if the person sought is convicted and sentenced to a term of imprisonment after extradition, the person shall be returned to the Requested Party to serve the sentence imposed in the Requesting Party. The Requested Party shall advise the Requesting Party whether and when such assurance may be required.

3.   Where an assurance has been provided by the Requesting Party as contemplated in paragraph 2:

(a)   That assurance shall cease to have effect if the person agrees to serve any sentence imposed in the Requesting Party or refuses to consent or withdraws a prior consent to serve the sentence in the Requested Party.

(b)   The Requesting Party shall promptly inform the Requested Party of the results of the trial or sentencing and of the appeal or other judicial review of the judgment of the sentence, if any.

(c)   If a prison sentence is subsequently imposed in the Requesting Party and has become final, the Parties shall thereafter make best efforts to transfer the person as expeditiously as possible. For purposes of this subparagraph, a sentence becomes final when there is no longer a pending appeal or other judicial review or a judgment or sentence, or there is no longer any right to an appeal or the convicted person has waived his right to appeal or otherwise to seek further judicial review of the judgment or sentence.

(d)   If the person extradited following such an assurance is given a prison sentence and is also ordered to pay a fine or to pay restitution to victims, the Requesting Party shall inform the Requested Party of such order and in such cases the Requested Party shall take steps to collect such fine or restitution to the extent possible.

(e)   To the extent not inconsistent with this Article, the terms and conditions of the return of a person following such an assurance shall be in accordance with any treaty or other agreement providing for the transfer of sentenced persons that may be in force between the Parties, unless the Parties agree otherwise.

4.   If the person extradited following an assurance as set forth in paragraph 2 is given a prison sentence, the Requested Party shall enforce, according to its laws, the sentence imposed by the Requesting Party even if that sentence exceeds the maximum penalty for such offense in the Requested Party.

4

5.   If the law of the Requested Party prohibits the extradition of a national and resident who has been convicted and sentenced in the Requesting Party for an extraditable offense, the Requested Party, upon the request of the Requesting Party, shall enforce, according to its laws, the sentence imposed by the Requesting Party even if that sentence exceeds the maximum penalty for such offense in the Requested Party.

6.   If extradition of a national and resident of the Requested Party is refused because an assurance as set forth in paragraph 2 has not been provided, the Requested Party shall, at the request of the Requesting Party, submit the case to its competent authorities for decision as to prosecution. In such cases, the expenses of any investigation and prosecution in the Requested Party shall be borne by the Requested Party, unless the Parties agree otherwise."

## ARTICLE 3

Article VI of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE VI

POLITICAL AND MILITARY OFFENSES AND DISCRIMINATORY REQUESTS

1.   Extradition shall not be granted if the Requested Party determines that the offense for which the extradition if requested is a political offense.

2.   The following offenses shall not be considered political offenses:

(a)   a murder or other violent crime against a Head of State or against a member of a Head of State's family;

(b)   an offense for which both the Requesting and Requested Parties have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution;

(c)   murder, manslaughter, malicious wounding, or inflicting grievous bodily harm;

(d)   an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

(e)   an offense involving the making, use or possession of a bomb, grenade, rocket, or any other explosive, incendiary or destructive device with the intention to endanger life or cause serious damage to property; and

5

    (f)   a conspiracy or attempt to commit any of the foregoing offenses, or aiding, abetting, counseling or participating as an accomplice of a person who commits or attempts to commit such offenses.

3.    Extradition may be refused if the competent authority of the Requested Party, which for the United States shall be the executive authority, determines that the request is for a military offense that is not an offense under ordinary criminal law.

4.    Extradition may be refused if the competent authority of the Requested Party, which for the United Sates shall be the executive authority, has substantial grounds for believing that the request for extradition, though purporting to be made for an offense for which extradition may be granted, (i) was in fact made for the primary purpose of prosecuting or punishing the person sought on account of his race or religion, or (ii) was primarily politically motivated.

ARTICLE VI *bis*

PRIOR PROSECUTION

1.    (a) Extradition shall not be granted if the person whose extradition is sought has been tried and either convicted or acquitted in the Requested Party for the offense for which his extradition is requested.

    (b) Extradition may be denied if the person whose extradition is sought has been tried and convicted in another country for the offense for which his extradition is requested, and has served his sentence of imprisonment, or part thereof, in the Requested Party.

2.    Extradition shall not be precluded by the fact that the competent authorities of the Requested Party:

    (a)   have decided not to prosecute the person sought for the acts for which extradition is requested; or

    (b)   have decided to discontinue any criminal proceedings which have been instituted against the person sought for those acts."

**ARTICLE 4**

Article VIII of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE VIII

POSTPONED AND TEMPORARY SURRENDER

6

1. The Requested Party may postpone the extradition proceedings against a person who is being investigated or prosecuted in that Party. The postponement may continue until the investigation or prosecution, including any appeal thereof, has been concluded.

2. If the extradition request is granted in the case of a person who is being proceeded against or is serving a sentence in the Requested Party, the Requested Party may postpone surrender until the person has served any sentence imposed or may temporarily surrender the person sought to the Requesting Party for the purpose of prosecution. A person temporarily surrendered shall be kept in custody in the Requesting Party and shall be returned to the Requested Party after the conclusion of the proceedings against that person, in accordance with conditions to be determined by mutual agreement of the Parties.

ARTICLE VIII *bis*

LAPSE OF TIME

If required by the law of the requested Party, extradition may be denied if prosecution of the offense or execution of the penalty would, if the offense had been committed in the Requested Party, be barred by lapse of time under its laws."

**ARTICLE 5**

ARTICLE IX of the 1962 Convention is deleted.

**ARTICLE 6**

ARTICLE X of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE X

EXTRADITION PROCEDURES AND REQUIRED DOCUMENTS

1. All requests for extradition shall be submitted through the diplomatic channel.

2. All requests shall be supported by:

    (a) documents, statements, or other types of information which describe the identity, nationality, and probable location of the person sought;

7

(b) information describing the facts of the offense and procedural history of the case;

(c) the relevant texts of the provisions of the laws describing the essential elements of the offense for which extradition is requested, the punishment for the offense and any time limit on the prosecution or the enforcement of the penalty; and

(d) the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable.

3. A request for extradition of a person who is sought for prosecution shall also be supported by:

(a) a copy of the warrant or order of arrest, issued by a judge or other competent authority;

(b) a copy of the charging document, if any; and

(c) such information as is needed to fulfill the requirements of Article V of the Convention.

4. A request for extradition relating to a person who has been convicted of an offense for which extradition is sought shall also be supported by:

(a) a copy of the judgment of conviction, or, if a copy is not available, a statement by a judicial authority that the person has been convicted;

(b) information establishing the person sought is the convicted person;

(c) a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

(d) in the case of a person who has been convicted *in absentia*, the documents required by paragraph 3.

ARTICLE X *bis*

ADMISSIBILITY OF DOCUMENTS

1. The documents, statements and other types of information that accompany an extradition request shall be received and admitted as evidence in extradition proceedings if:

8

    (a)   in the case of a request from the United States, they are authenticated by the official seal of the Department of State;

    (b)   in the case of a request from Israel, they are authenticated by the official seal of the Ministry of Justice; or

    (c)   they are certified or authenticated in any other manner acceptable by the laws of the Requested Party.

2.    Such documents, statements, and other types of information shall be admissible as evidence in extradition proceedings even though they would be considered hearsay or otherwise would not conform to evidentiary rules applicable at trial.

ARTICLE X *ter*

TRANSLATION

The request and all other documents submitted by the Requesting Party shall be translated into the language of the Requested Party, unless otherwise agreed."

## ARTICLE 7

Article XI of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE XI

PROVISIONAL ARREST

1.    In case of urgency, the Requesting Party may request the provisional arrest of the person sought pending presentation of the extradition request and supporting documents. A request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Israel Ministry of Justice.

2.    The application for provisional arrest shall contain:

    (a)   a description of the person sought and information concerning the person's nationality, if known;

    (b)   the location of the person sought, if known;

    (c)   a brief statement of the facts of the case, including, if possible, the time and location of the offense;

    (d)   a description of the law(s) violated;

9

(e)  a statement of the existence of a warrant of arrest or a judgment of conviction against the person sought; and

(f)  a statement that the extradition request and supporting documents shall be submitted within the time specified in paragraph 4 of this Article.

3.    The Requesting Party shall be notified without delay of the disposition of its request for provisional arrest and the reasons for any inability to proceed with the request.

4.    A person who is provisionally arrested may be discharged from custody upon the expiration of 60 days from the date of provisional arrest if the executive authority of the Requested Party has not received the extradition request and supporting documents as required in Article X of the Convention.

5.    The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date."

## ARTICLE 8

Article XIII of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE XIII

RULE OF SPECIALITY

1.    A person extradited under the Convention may not be detained, tried, or punished in the Requesting Party except for:

(a)  any offense for which extradition was granted, or a lesser included offense based on the same facts as the offense for which extradition was granted;

(b)  any offense committed after the extradition of the person; or

(c)  any offense for which the executive authority of the Requested Party consents to the person's detention, trial or punishment. For the purpose oF this subparagraph:

(i)  the Requested Party may require the submission of the documentation set out in Article X of the Convention; and

10

        (ii)     unless prohibited by its domestic law, the Requested Party may agree to the detention of the person extradited for 60 days while such request for consent to detention, trial or punishment is being processed.

2.     A person extradited under the Convention may not be extradited to a third State or surrendered to an international tribunal for any offense prior to extradition unless the Requested Party consents.

3.     Paragraphs 1 and 2 of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the extradition of that person to a third State or surrender to an international tribunal, if:

     (a)     that person leaves the territory of the Requesting Party after extradition and voluntarily returns to it; or

     (b)     that person does not leave the territory of the Requesting Party within 30 days of the day on which that person is free to leave."

## ARTICLE 9

Article XVII of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE XVII

WAIVER OF OR CONSENT TO EXTRADITION PROCEEEDINGS

If the person sought consents to be surrendered to the Requesting Party, the Requested Party may surrender the person as expeditiously as possible without further proceedings."

## ARTICLE 10

Article XVIII of the 1962 Convention is deleted and replaced by the following text:

"ARTICLE XVIII

TRANSIT

1.     Either Party may authorize transportation through its territory of a person surrendered to the other Party by a third State or from the other Party to a third State. A request for transit shall be transmitted through the diplomatic channel or directly between the United State Department of Justice and the Israel Ministry

11

of Justice. The request for transit shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2.    Authorization is not required when air transportation is used by one Party and no landing is scheduled in the territory of the other Party. If an unscheduled landing does occur, the Party in which the unscheduled landing occurs may require a request for transit pursuant to paragraph 1, and it may detain the person until the request for transit is received and the transit is effected, as long as the request is received within 96 hours on the unscheduled landing.

3.    The Party requesting transit shall reimburse the Party through whose territory such person is transported for any expense incurred by the latter in connection with such transportation, unless otherwise agreed.

ARTICLE XVIII *bis*

REPRESENTATION AND EXPENSES

1.    The Requested Party shall advise, assist, appear in court on behalf of, and shall represent the interests of the Requesting Party, in any proceedings arising out of a request for extradition.

2.    The Requesting Party shall pay all the expenses related to the translation of extradition documents and the transportation of the person surrendered. The Requested Party shall pay all other expenses incurred in that State in connection with the extradition proceedings.

ARTICLE XVIII *ter*

CONSULTATION

The United States Department of Justice and the Ministry of Justice of Israel may consult with each other directly in connection with the processing on individual cases and in furtherance of efficient implementation of the Convention."

**ARTICLE 11**

This Protocol shall apply to offenses committed before as well as after the date it enters into force.

12

**ARTICLE 12**

1.   This Protocol shall be subject to ratification.

2.   This Protocol shall enter into force on the date of the latter of the diplomatic Notes by which the Parties notify each other that their internal legal requirements for the entering into force of the Protocol have been complied with.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Protocol.

DONE at Jerusalem, this 6th day of July, 2005, corresponding to the 29th day of Sivan, 5765, in duplicate, in the English and Hebrew languages, both texts being equally authentic.

**FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA**

**FOR THE GOVERNMENT OF THE STATE OF ISRAEL**

O