```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
        - v. -                           :     Indictment No. 10-CR-433 (SLT)
                                         :
JONATHAN BRAUN,                          :
                                         :
                Defendant.               :
------------------------------------------------------------X
```

# DEFENDANT JONATHAN BRAUN'S
# MEMORANDUM OF LAW IN SUPPORT OF
# HIS OMNIBUS DISCOVERY MOTION

MERINGOLO & ASSOCIATES, P.C.
John C. Meringolo, Esq. (JM3487)
11 Evans Street
Brooklyn, New York 11201
Direct No. (347) 599-0992
*Attorneys for Defendant Jonathan Braun*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................................................................................................................i

PRELIMINARY STATEMENT.............................................................................................................2

DISCUSSION.............................................................................................................................................3

A. The Government Should Immediately Provide Mr. Braun with Full Disclosure of All Brady and Giglio Materials and Timely Disclosure of Jencks Material..............................3

B. The Government Should Be Directed to Produce All Documents and Notes Relating to Proffers or Statements Made to the Government By or On Behalf of Any Cooperating Witness, Including Both Notes Taken During the Proffers and Written and Oral Proffers Submitted By or On Behalf of the Witness........................................................................7

C. The Government Should Be Directed To Retain Agents' Interview Notes.......................11

D. The Government Should Be Directed to Produce to Defense Counsel, Reasonably in Advance of Trial, the Identity of Any Expert Witness and Any and All Information, Studies and Reports Upon Which Any Expert Witness Will Base His/Her Testimonial Opinions..............................................................................................................................12

E. The Government Should Be Directed to Respond to Defendant's Request For Any "Other Crimes" Evidence That the Government Will Introduce at Trial.......................................14

CONCLUSION.........................................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Maryland,* 373 U.S. 83 (1963) .................................................................................. passim

*Delaware v. E. Van Arsdall*, 475 U.S. 673 (1986) ............................................................................ 4

*Giglio v. United States*, 405 U.S. 150 (1972) .................................................................................. passim

*Huddleston v. United States*, 485 U.S. 681 (1988) ............................................................. 15

*In re Grand Jury Proceedings,* 33 F.3d 342 (4th Cir. 1994) ........................................................ 7

*In re John Doe Corp.,* 675 F.2d 482 (2d Cir. 1982) ...................................................................... 7

*Kyles v. Whitley*, 514 U.S. 419 (1995) ................................................................................... 3, 4

*Pennsylvania v. Ritchie*, 488 U.S. at 57 (1987) ............................................................................ 4

*St. Germain v. United States,* 2004 U.S. Dist. LEXIS 9784 (S.D.N.Y. May 11, 2004) ............. 6, 7

*Tate v. Wood*, 963 F.2d 20 (2d Cir. 1992) ...................................................................................... 5

*United States v. Agurs,* 427 U.S. 97 (1976) ................................................................................... 3

*United States v. Armstrong,* 517 U.S. 456 (1996) ......................................................................... 8

*United States v. Avellino,* 136 F.3d 249 (2d Cir. 1998) .............................................................. 4, 5

*United States v. Bagley,* 473 U.S. 667 (1985) .............................................................................. 3, 6

*United States v. Bosch,* 385 F.Supp.2d 387 (S.D.N.Y. 2005) ....................................................... 11

*United States v. Castillo*, 924 F.2d 1227 (2d Cir. 1991) ............................................................. 13

*United States v. Colon*, 880 F.2d 650 (2d Cir. 1989) ................................................................... 15

*United States v. Cruz,* 981 F.2d 659 (2d Cir. 1992) ..................................................................... 13

*United States v. Farley*, 2 F.3d 645 (6th Cir. 1993) ....................................................................... 5

*United States v. Hanna*, 198 F. Supp. 2d 236 (E.D.N.Y. 2002) ................................................... 12

*United States v. Hinton,* 719 F.2d 711 (4th Cir. 1983), *cert. denied,* 465 U.S. 1032 (1984) ....... 11

*United States v. Hogue*, 827 F.2d 660 (10th Cir. 1987) ................................................................ 15

*United States v. King,* 1996 WL 254647, *5 n.1 (D. Kan. Apr. 10, 1996) ..................................... 8

*United States v. Long,* 917 F.2d 691 (2d Cir. 1990) ..................................................................... 13

*United States v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979) ............................................................ 15

*United States v. Martin Schloss & Co., Inc.,* 1989 U.S. Dist. LEXIS 6271 (S.D.N.Y. June 5, 1989) ........................................................................................................................................ 8, 9

*United States v. Mase,* 556 F.2d 671 (2d Cir. 1977), *cert. denied,* 435 U.S. 916 (1978) ............. 11

*United States v. McVeigh,* 954 F. Supp. 1454 (D. Col. 1997) ....................................................... 8

*United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) ......................................................... 6, 10

*United States v. Salerno*, 937 F.2d 797 (2d Cir. 1991), *reversed on other grounds*, 112 S.Ct. 2503 (1992) .................................................................................................................................. 4

*United States v. Sampson*, 980 F.2d 883 (3d Cir. 1992) .............................................................. 15

*United States v. Scop*, 846 F.2d 135 (2d Cir. 1988) .................................................................... 13

*United States v. Shvarts*, 90 F. Supp. 2d 219 (E.D.N.Y. 2000) ..................................................... 5

*United States v. Skeddle,* 989 F. Supp. 912 (N.D. Ohio 1997) ...................................................... 7

*United States v. Sullivan,* 919 F.2d 1403 (10th Cir. 1991) .......................................................... 12

*United States v. Thomas*, 239 F.3d 163 (2d Cir. 2001) ................................................................. 6

*United States v. Triumph Capital Group, Inc.*, 544 F.3d 149 (2d Cir. 2008) .............................. 11

*United States v. Urso*, 369 F. Supp. 2d 254 (E.D.N.Y. 2005) ..................................................... 11

*Weatherford v. Bursey*, 429 U.S. 545 (1997) ................................................................................. 5

**Statutes**

18 U.SC. § 1956(a)(2)(B)(ii) .......................................................................................................... 3

21 U.S.C. § 841(a)(1) ...................................................................................................................... 3

21 U.S.C. § 841(b)(1)(B)(viii) ........................................................................................................ 3

21 U.S.C. § 952(a) .......................................................................................................................... 3

*Jencks* passim

**Other Authorities**

United States Attorney's Manual, § 9-5.001 ................................................................................... 5

**Rules**

Federal Rules of Criminal Procedure 16(a)(1)(G) ........................................................................ 13

Federal Rules of Evidence 16(a)(2) ................................................................................................ 8

Federal Rules of Evidence 404(b) ...................................................................................... 1, 14, 15

Federal Rules of Evidence 702 ................................................................................................ 12, 13

Federal Rules of Evidence 703 ...................................................................................................... 13

Federal Rules of Evidence 705 ...................................................................................................... 13

Federal Rules of Evidence 801(d)(2)(C, D) .................................................................................... 8

**Treatises**

2C Wright, Federal Practice and Procedure §254.2, at 141 (3rd ed. 2000) .................................... 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                                              :
    - v. -                                             :          Indictment No. 10-CR-433 (SLT)
                                                              :
JONATHAN BRAUN,                          :
                                                              :
            Defendant.                         :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## OMNIBUS DISCOVERY MOTION

**NOW COMES** Defendant Jonathan Braun, by and through his attorneys, Meringolo & Associates, P.C., and respectfully moves this Court for an Order directing the Government to immediately disclose and produce all *Brady* and *Giglio* materials, to timely disclose *Jencks* materials including, but not limited to, documents in the possession of the Federal Bureau of Investigation ("FBI"), and any other governmental agency, as well as all materials pursuant to Federal Rules of Evidence 404(b) as follows:

(A) All documents relating to proffers or statements made to the Government by or on behalf of any witness who may testify at trial, including:

(1) notes taken by Government attorneys, agents or other personnel (and reports and memoranda of such proffers and meetings) during proffers or meetings with the prosecution, including the United States Attorney's Office, the FBI, and any other governmental agencies;

(2) proffers or statements submitted by or on behalf of any witness who may testify at trial (specifically, correspondences, letters, emails, and notes of telephone and/or personal conversations by attorneys or other representatives of potential witnesses for the Government);

1

(3) notes and memoranda of any attorney or representative of any potential witness that contains any *Brady* or *Giglio* material;

(4) Grand Jury testimony, factual basis questions, and proposed or changed factual basis questions, for any potential Government witness; and

(5) any proffer agreements, plea agreements, proposed plea agreements and plea allocutions;

(B) Any prosecutive or similar memoranda relating to the prosecution of Mr. Braun, and the non-prosecution of any other persons, to the extent that such memoranda contain any *Brady, Giglio,* or *Jencks* material;

(C) All recordings and transcripts made by or in the possession of the Government or any of the involved investigative agencies of communications between the defendant and others;

(D) All communications between the Government and any alleged victims and/or complainants, to the extent that such communications contain any *Brady, Giglio,* or *Jencks* material;

(E) Any and all notes of law enforcement agents taken during interviews of potential witnesses;

(F) The identity of any expert witness and any and all information, studies and reports upon which any expert witness will base his/her testimonial opinions; and

(G) Finally, the Court should also direct the Government to respond to Defendant's request for any "other crimes" evidence that the Government will introduce at trial.

## PRELIMINARY STATEMENT

On May 27, 2010, an Indictment was filed against Defendant Jonathan Braun charging

him with: one (1) count of Conspiracy to Import Marijuana in violation of 21 U.S.C. § 952(a); one (1) count of Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1); one (1) count of Possession of Marijuana with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii); and one (1) count of Money Laundering Conspiracy in violation of 18 U.SC. § 1956(a)(2)(B)(ii). These charges arose from an investigation by the Drug Enforcement Agency ("DEA") into an alleged conspiracy to import and distribute marijuana.

## DISCUSSION

**A. The Government Should Immediately Provide Mr. Braun with Full Disclosure of All *Brady* and *Giglio* Materials and Timely Disclosure of *Jencks* Material**

Mr. Braun moves for prompt and thorough discovery pursuant to the Government's disclosure obligations and this Court's discretionary authority to manage pretrial discovery. In making this request, we are mindful of cases in recent years interpreting *Brady* and its progeny with regard to the scope and timing of the Government's obligation to disclose both *Brady* and *Giglio* materials. Under the Due Process Clause of the Fifth Amendment, the Government has an obligation to disclose evidence favorable to the defendant that is material to either guilt or punishment. *See Brady v. Maryland,* 373 U.S. 83 (1963); *United States v. Agurs,* 427 U.S. 97, 110-111 (1976); *United States v. Bagley,* 473 U.S. 667, 676 (1985); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

The Government's obligation to turn over material information is not limited to exculpatory information but also encompasses information that could be used for impeachment purposes, so-called *Giglio* material. *Bagley*, 473 U.S. at 676 (Impeachment evidence as well as exculpatory evidence falls within the *Brady* rule "[as being] 'evidence favorable to the accused' so that if disclosed and used effectively, it may make the difference between conviction and acquittal"); *see Giglio v. United States*, 405 U.S. 150, 154 (1972); *Kyles v. Whitley,* 514 U.S.

3

419, 433 (1995) ("[T]he Court [has] disavowed any difference between exculpatory and impeachment evidence for *Brady* purposes ....") In essence, impeachment evidence is evidence "having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *United States v. Avellino,* 136 F.3d 249, 255 (2d Cir. 1998). Therefore, the duty to disclose impeachment evidence stems from the Constitutional "…right to put before a jury evidence that might influence the determination of guilt." *United States v. Salerno*, 937 F.2d 797, 809 (2d Cir. 1991), *reversed on other grounds*, 112 S.Ct. 2503 (1992), *quoting Pennsylvania v. Ritchie*, 488 U.S. at 57 (1987).

As the Supreme Court has long recognized, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Delaware v. E. Van Arsdall*, 475 U.S. 673 (1986). Thus, favorable evidence includes evidence that tends to exculpate the accused, but also includes evidence that is useful to impeach the credibility of a government witness. *Giglio* 405 U.S. at 154. The *Brady/Giglio* disclosure requirements are, as a result, grounded in the principle that only a fully informed jury is in a position to render a just verdict. When the prosecution withholds evidence, rendering the defense unable to effectively contradict proof the prosecution presents to the jury, it violates the defendant's right to a fair trial. Failure to disclose *Brady* material prejudices the defense and the jury is deprived of relevant information necessary to render a just and informed decision.

The Second Circuit, in expounding on this notion in *United States v. Avellino* 136 F.3d 249, 255 (2d Cir. 1998), stated:

> To the extent that the prosecutor knows of material evidence favorable to the defendant in a criminal prosecution, the government has a due process obligation to disclose that evidence to the defendant. *See, e.g., Kyles v. Whitley, 514 U.S. 419, 431, 131 L. Ed. 2d 490, 115 S. Ct. 1555 (1995)*; *Brady v. Maryland, 373 U.S. at 87* ("Brady") ("suppression by the prosecution of evidence favorable to the accused "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad

4

> faith of the prosecution"). Information coming within the scope of this principle *("Brady* matter")* includes not only evidence that is exculpatory, *i.e.,* going to the heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, *i.e.,* having the potential to alter the jury's assessment of the credibility of a significant prosecution witness. [internal citations omitted]

Consequently, the Government's constitutional duty is to disclose all exculpatory and impeachment evidence.

Inextricably intertwined within the requirement of *Brady/Giglio* disclosure is the issue of timeliness. Courts have consistently held that *Brady* disclosures should be made to ensure the defense has sufficient time to make use of the information.[1] Judge Glasser in *United States v. Shvarts*, 90 F. Supp. 2d 219, 225 (E.D.N.Y. 2000) declared: "[t]he holding in *Brady*, based as it was under the demands of due process, was aimed at insuring that the trial of a defendant will be a fair one." To accomplish the overarching goal of "fairness," it is imperative that *Brady* materials be furnished with sufficient lead-time to permit their effective utilization by the defense. Once again, the *Avellino* court, in recognizing the importance of the *Brady/Giglio* materials in preparing a defense strategy, stated:

> The government's obligation to make such disclosures is pertinent not only to an accused's preparation for trial but also to his determination of whether or not to plead guilty. The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government. *See, e.g., Tate v. Wood*, 963 F.2d 20, 24 (2d Cir. 1992). *Avellino*, 136 F.3d at 255.

And that determination depends in large measure on the nature of the material involved. In this instance, the Government possesses a number of recordings, transcripts, and physical evidence relevant to Mr. Braun's defense.

---

[1] *Cf.* United States Attorney's Manual, § 9-5.001, which states in pertinent part:
D. **Timing of disclosure**. Due process requires that disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in **sufficient time to permit the defendant to make effective use of that information at trial.** *See, e.g. Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993). In most cases, the disclosures required by the Constitution and this policy will be made in advance of trial. (Emphasis Applied).

5

In deciding on the timeliness of disclosure, the Court in *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), tipped the balance in favor of sufficient pretrial disclosure, declaring the latter to be "advantageous", particularly where the information leads to additional investigation or litigation. The Court implicitly disapproved of late disclosure where the sole reason for withholding the information was to gain a trial advantage. The Government is in possession of *Brady/Giglio* material, and has an informational and strategic advantage over the defense; therefore, timely disclosure of this material is required.[2]

A realistic estimate of a trial of this matter, given its intricacy, number of witnesses, and the amount of documentary evidence, is approximately four months. It would be an abject denial of Mr. Braun's constitutionally guaranteed rights to receive the *Brady/Giglio* materials immediately prior to trial without having adequate time to review and, if necessary, incorporate the relevant materials into his defense. *See St. Germain v. United States,* 2004 U.S. Dist. LEXIS 9784 (S.D.N.Y. May 11, 2004) (The government violated its *Brady* obligations with respect to evidence by disclosing it on the eve of trial and in the guise of *Jencks Act* material thereby depriving sufficient time for the defense to make use of it). The timing of disclosure in criminal cases must be adequate if the goal is an outcome in which the public can have confidence (*Bagley*, 473 U.S. at 678). Therefore, we submit that due process requires immediate disclosure of any *Brady/Giglio* materials the Government has in its possession in this case.

In sum, the Government's failure to provide the defense with exculpatory or material impeachment information, or the belated production of such information which prevents its effective utilization, violates due process. Accordingly, Mr. Braun respectfully requests that the Court order the Government to disclose all *Brady/Giglio* material promptly, and all *Jencks*

---

[2] In *United States v. Thomas*, 239 F.3d 163 (2d Cir. 2001), the court noted the duty of disclosure continues throughout trial, requiring the Government to disclose material to the defense "promptly" i.e., as soon as the prosecution becomes aware of it.

6

material as per the Court's ruling.

**B. The Government Should Be Directed to Produce All Documents and Notes Relating to Proffers or Statements Made to the Government By or On Behalf of Any Cooperating Witness, Including Both Notes Taken During the Proffers and Written and Oral Proffers Submitted By or On Behalf of the Witness**

On or about November 2007, the DEA began an investigation into an alleged conspiracy to import and to distribute marijuana in New York, ultimately resulting in the Indictment filed against Mr. Braun on May 27, 2010. The information contained in notes and proffer agreements, including notes of and communications between the prosecutors and potential witnesses setting up the acceptable parameters of their proffers to the Government potentially contain *Brady* and *Giglio* material.

As noted by Judge McMahon in *St. Germain*, *supra*, there are at least two possible reasons why proffer notes might constitute *Brady* material. First, the handwritten notes may contain material that could be used to impeach the witness at trial; and second, the notes may reveal inconsistencies among witnesses (thus showing that other witnesses might have exculpatory information that the defense would need time to explore). *St. Germain*, 2004 U.S. Dist. LEXIS 9784, *58-59. *See also United States v. Skeddle,* 989 F. Supp. 912, 916-17 (N.D. Ohio 1997) (citing, *inter alia, In re Grand Jury Proceedings,* 33 F.3d 342 (4th Cir. 1994)) (Ordering production by the Government of third party interviews of person whom the Government was going to call as witnesses, despite assertions of the work product doctrine. "If the witness' testimony conflicts with his or her prior statement, the search for truth overrides any tactical advantage [the other side] might otherwise seek to obtain by resisting disclosure of its fact work product."). Additionally, notes taken by the witness' attorney may be discoverable as well. *See, In re John Doe Corp.,* 675 F.2d 482, 493 (2d Cir. 1982) (allowing discovery of attorney's interviews with witnesses after *in camera* review determined that the notes recited

7

witness statements in a paraphrased, abbreviated form, rather than reflecting attorney's mental processes and theories); *United States v. Martin Schloss & Co., Inc.,* 1989 U.S. Dist. LEXIS 6271 (S.D.N.Y. June 5, 1989) (notes taken by an attorney of a "key" cooperating witness at proffer sessions with the government were found to be discoverable via Rule 17(c) subpoena upon the attorney). Any proffer submitted by a witness' attorney, as his agent, constitutes a "statement" of that witness admissible as such, Fed. R Evid. 801(d)(2)(C, D), and therefore is also obliged to be produced as *Jencks* and/or *Giglio* material.

Mr. Braun is entitled to discovery of internal Government documents containing *Brady* or *Giglio* material even where work product protection applies. *United States v. King,* 1996 WL 254647, *5 n.1 (D. Kan. Apr. 10, 1996) (citation omitted); 2C Wright, Federal Practice and Procedure §254.2, at 141 (3rd ed. 2000) ("Because *Brady* is based on the Constitution, it overrides court-made rules of procedure.  Thus, the work product immunity for discovery in Rule 16(a)(2) prohibits discovery under Rule 16 but it does not alter the prosecutor's duty to disclose material that is within *Brady*"), *quoted in United States v. Armstrong,* 517 U.S. 456 (1996) (Breyer, J., concurring). As Judge Matsch observed in *United States* v. *McVeigh:* "…when a witness adds some important detail to his earlier statements, there is a possibility that the additional statement may constitute *Brady* material. Doubts must be resolved in favor of disclosure." *United States v. McVeigh,* 954 F. Supp. 1454, 1456 (D. Col. 1997).  Thus, notes taken by a Government attorney during a proffer from, or interview with, a witness or communicated by the witness' lawyer, are required to be produced under *Brady* if they contain any showing of improper influence, including suggestive questioning.  *Id.*

In *Martin Schloss* (*infra*), the attorney argued against being compelled to turn over notes of his client's meeting with the Government, maintaining that his notes were covered by work

8

product protection. The district court rejected the argument. Although the notes, examined by the court *in camera,* did contain "typical lawyer's quasi-shorthand notations of topics covered and statements made by the interviewee," *Id.* at *8, any claim of work product was overcome:

> Possible inconsistencies or contradictions [between the attorney's notes and other notes taken by government interrogators at the same meetings and already turned over to the defense] are of obvious interest to the defendant, considering the centrality of [the witness'] role in the case against [the defendant], and the crucial issue of his credibility. I therefore conclude that the potential usefulness of the [law] firm's notes to the defense rises to the requisite level of "substantial need" ... *In my view, "substantial need" as originally contemplated by the civil discovery rules should be defined more flexibly when applied to the interests of a criminal defendant. Id* at *8-9 (Emphasis Added).

Disclosure of such notes and materials in this case are paramount to the defense and will dictate whether any additional motions should be brought prior to trial as well as assisting in other strategic preparations of Mr. Braun's defense.

As a result of the foregoing, Mr. Braun specifically requests the Court to direct the Government to produce all proffer-related documents and notes, including, but not limited to:

> (a) Reports, memoranda, emails, or other communications of any Government investigator, whether with the FBI or any other agency, relating to proffers or statements made by any potential Government witnesses;
>
> (b) Notes taken by any Government investigator, whether with the FBI or any other agency, relating to proffers or statements made by any potential Government witnesses;
>
> (c) Notes taken by any attorney for the Government, including Assistant United States Attorneys, relating to proffers or statements made by any potential Government witnesses;
>
> (d) Notes taken by any attorney for the Government, including Assistant United States Attorneys, relating to proffers or statements made by any representative, including attorneys, of any potential Government witnesses;

9

(e) Notes or memoranda by any attorney for a potential Government witness, relating to proffers or statements made by him/her, or any other represented witness;

(f) Notes or memoranda by counsel for the Government and counsel for any potential Government witnesses of any communications between them;

(g) Notes or memoranda of any investigative agent, counsel for the Government or counsel for any potential Government witness relating to any proffer or statement that differs in any way from a statement or proffer given to the Government by any other Government witness; and

(h) Proffer agreements, plea agreements, proposed plea agreements, plea allocutions, Grand Jury testimony, factual basis questions and proposed or changed factual basis questions for any potential Government witness.

Even if physical notes were not taken, the Government is obligated to turn over the information. "The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form." *United States v. Rodriguez*, 496 F.3d 221 at 226 (2d Cir. 2007). While the *Jencks Act* does not require the Government to take notes during proffers, "When the Government is in possession of material information that impeaches its witness or exculpates the defendant, it does not avoid the obligation under *Brady*/*Giglio* to disclose the information by not writing it down." *Rodriguez*, 496 F.3d at 222.

Therefore, the Government's requirement to disclose *Brady* material encompasses not only oral, unrecorded statements of a cooperating witness that are favorable to the accused, as held in *Rodriguez*, but also exculpatory statements communicated to the Government by the witness' lawyer, as held by the Second Circuit in *United States v. Triumph Capital Group, Inc.*,

10

544 F.3d 149 (2d Cir. 2008). *Brady* is a rule of fairness, not mere procedure, and the fairness of advising a defendant of favorable information does not dissipate merely because that information has not been physically recorded. Consequently, Mr. Braun is entitled to all of the Government's notes and reports.

**C. The Government Should Be Directed To Retain Agents' Interview Notes**

On many occasions, various Government agents have interviewed and re-interviewed persons expected to testify for the Government. If *Brady* and/or *Giglio* information is reflected in the handwritten notes of an interview which is not also reflected in the corresponding FBI 302's or other formal memoranda later created to memorialize the witness' statements, the courts have unequivocally determined the Government must produce those notes. There are many instances in which possible discrepancies in memoranda of interviews are not apparent until the witness has been cross-examined, and it may become critical at that time to compare the memorandum in question with the actual notes taken contemporaneously by law enforcement representatives.

Consequently, it is well established that the handwritten notes of investigators should be preserved.[3] *See United States v. Mase,* 556 F.2d 671 (2d Cir. 1977) (government would be "well-advised" to retain handwritten notes until the prosecution is terminated), *cert. denied,* 435 U.S. 916 (1978); *United States v. Urso*, 369 F. Supp. 2d 254, 274 (E.D.N.Y. 2005) (issuing prophylactic order requiring government to preserve all rough notes and/or interviews of any prospective witness); *United States v. Bosch,* 385 F.Supp.2d 387, 390-91 (S.D.N.Y. 2005) (ordering rough notes preserved, and observing that other courts in the Second Circuit have entered similar pre-trial orders); *United States v. Hanna*, 198 F. Supp. 2d 236, 248 (E.D.N.Y.

---

[3] It has been noted that the policy of the Department of Justice is to preserve such notes. *United States v. Hinton,* 719 F.2d 711, 716 n.9 (4th Cir. 1983), *cert. denied,* 465 U.S. 1032 (1984).

11

2002) (requiring the Government to preserve and produce for an *in camera* review all agents' notes).

Mr. Braun submits that this practice is a salutary one, preserving for later *in camera* review by the Court the handwritten notes of interviews in the event of a dispute at trial concerning statements attributed to witnesses in the FBI 302's or other formal memoranda of interviews. In *United States v. Sullivan,* 919 F.2d 1403 (10th Cir. 1991), the Tenth Circuit recognized that the Government's failure to preserve rough interview notes, where the notes arguably "would have revealed inaccuracies and inconsistencies in the trial testimony of key prosecution witnesses," could constitute a denial of due process under *Brady. Id.* at 1427. Therefore, in preservation of his constitutionally guaranteed rights, Mr. Braun requests the Court order the Government to retain all agents' interview notes.

**D. The Government Should Be Directed to Produce to Defense Counsel, Reasonably in Advance of Trial, the Identity of Any Expert Witness and Any and All Information, Studies and Reports Upon Which Any Expert Witness Will Base His/Her Testimonial Opinions**

At the trial of this case, the Government may call one or more witnesses to testify as nonscientific "expert witnesses." To the extent that any expert is permitted to testify, it is respectfully requested that this Court direct the Government to disclose to defense counsel the name and address of each such expert, a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely. Timely disclosure of this information is needed to enable counsel to file a motion *in limine* prior to trial to properly restrict the scope and extent of the proposed testimony.

Rule 702 of the Federal Rules of Evidence allows expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Thus, expert testimony regarding matters not beyond the ken of an average juror should generally be

excluded. *See, e.g., United States v. Cruz,* 981 F.2d 659 (2d Cir. 1992) (expert testimony should have been excluded where it concerned narcotics operations that were not "reasonably perceived as beyond the ken of the jury"); *United States v. Long,* 917 F.2d 691, 701-03 (2d Cir. 1990) (expert testimony should have been excluded where it concerned the structure and operations of an illegal kickback scheme that were not beyond the ken of an average juror). For example, it is improper for an expert witness to merely parrot the testimony of other witnesses with respect to information, which is certainly not beyond the ken of the average juror. *See United States v. Long*, 917 F.2d 691, 702 (2d Cir. 1990). To this end, the Government is barred from using experts "solely to bolster the credibility of the government's fact witnesses by mirroring their version of events." *United States v. Cruz,* 981 F.2d 659, 664 (2d Cir. 1992).

In particular, the *Cruz* Court condemned the technique of having an expert state that a given set of facts are consistent with criminal behavior and then "arguing that the witnesses' version of events is consistent with an expert's description of patterns of criminal conduct." *Id.* Rather, the expert's testimony must deal with operations which "have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot be used solely to bolster the credibility of the Government's fact witnesses by mirroring their version of events." *Id.* See also, *United States v. Castillo*, 924 F.2d 1227, 1231 (2d Cir. 1991); *United States v. Scop*, 846 F.2d 135, 139-43 (2d Cir. 1988).

Moreover, Rule 16(a)(1)(G), of the Federal Rules of Criminal Procedure provides that, upon defendant's request, "…the government must give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .The summary provided under this subparagraph must describe the witness's opinions, the basis of the reasons for those opinions, and the

13

witness's qualifications." The Rule permits the opposing party to determine, prior to trial, whether the proposed witness meets the qualifications of an expert within the meaning of the Federal Rules of Evidence. Adequate preparation, simple fairness, and due process require that counsel for the Defendant be given an opportunity to interview the witnesses in this case. It is therefore respectfully requested that the Government be directed to provide the above-referenced information to the defense.

### E. The Government Should Be Directed to Respond to Defendant's Request For Any "Other Crimes" Evidence That the Government Will Introduce at Trial

Mr. Braun respectfully requests timely disclosure of any "other crimes, wrongs and acts" evidence that the Government intends to introduce against him at trial pursuant to Fed.R.Evid. 404(b). At this time, the Government has not formally advised the defense of any evidence to be offered pursuant to Fed.R.Evid. 404(b). But a defendant's right to receive notice of the Government's intent to rely on said proof is a well-settled principle, and is explicitly provided for in the evidentiary rule. Specifically, Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Thus, in addition to the desire to investigate "other crimes" incidents the Government will introduce at trial, counsel also needs an adequate and timely response to this request in order to evaluate and draft appropriate motions *in limine*. In that regard, "other crimes" evidence under Rule 404(b) may not be introduced merely to show criminal propensity. It must be offered for some permissible purpose, including, *inter alia*, defendant's knowledge, intent or plan to commit the charged crimes. Fed.R.Evid. 404(b). Moreover, it must also be relevant to a material element

14

of the charged offense that is in dispute. *See United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989); *United States v. Manafzadeh*, 592 F.2d 81, 86 (2d Cir. 1979); *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992).

The proposed 404(b) evidence, therefore, is only relevant "if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). If the "other crimes" evidence tends to prove some fact besides character, its admissibility will then depend upon whether its probative value outweighs its prejudicial effect. *See*, *Sampson*, 980 F.2d at 887. Thus, the Government must not only provide sufficient factual details concerning the 404(b) acts to suggest their relevance to the charged crimes, but it must indicate the legal hypothesis upon which each act will be offered. *See Sampson*, 980 F.2d at 887 ("[if] the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences"); *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987) (the Government must articulate precise evidentiary hypothesis by which a fact may be inferred from the other acts evidence).

Finally, even if the Court eventually admits the evidence, due process demands that the evidence be revealed to Mr. Braun with sufficient advance notice so that he has an adequate opportunity to defend against or rebut such evidence. Requiring the Government to immediately disclose any Rule 404(b) evidence it intends to offer against Mr. Braun will also provide him with the opportunity to evaluate the evidence and determine whether it is inadmissible under applicable precedent and, if so, draft an appropriate motion *in limine* for the Court's consideration prior to trial.

## **CONCLUSION**

For the foregoing reasons, the Defendant Jonathan Braun respectfully requests an entry of an Order granting the relief sought in this Omnibus Discovery Motion.

Dated: December 20, 2010
       Brooklyn, New York

                Respectfully submitted,

                By: /s/ John C. Meringolo
                **JOHN C. MERINGOLO, ESQ.** (JM3487)
                Meringolo & Associates, P.C.
                11 Evans Street
                Brooklyn, New York 11201
                Direct No. (347) 599-0992
                *Attorneys for Defendant Jonathan Braun*