UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
     - v. -                        :     No. 10 CR 433 (SLT)
                                   :
JONATHAN BRAUN,                    :
                                   :
          Defendant.               :
-----------------------------------------------------------X

# DEFENDANT JONATHAN BRAUN'S
# MEMORANDUM OF LAW IN SUPPORT OF
# <u>MOTION FOR BILL OF PARTICULARS</u>

MERINGOLO & ASSOCIATES, P.C.
John C. Meringolo, Esq. (JM3487)
Meringolo & Associates, P.C.
11 Evans Street
Brooklyn, New York 11201
Direct No. (347) 599-0992
*Attorneys for Defendant Jonathan Braun*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

DISCUSSION

    I.     The Legal Standard for a Bill of Particulars .................................................................. 2

    II.    The Government Should Disclose The Identities of The Unnamed Co-conspirators And "Others" ........................................................................................................................ 4

    III.   The Government Should Disclose The Exact Amount Of The Substance Containing Marijuana Alleged In Counts ONE, TWO and THREE Of The Indictment And The Addresses Of Any And All Locations From Which It Originated Or Was Seized ......... 5

CONCLUSION ............................................................................................................................ 6

i

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
    - v. -                         :          No. 10 CR 433 (SLT)
                                   :
JONATHAN BRAUN,                    :
                                   :
          Defendant.               :
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR BILL OF PARTICULARS

**NOW COMES** Defendant Jonathan Braun, by and through his attorneys, Meringolo & Associates, P.C., and respectfully moves this Court for an Order directing the Government to provide a bill of particulars setting forth the information specified below pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure (hereinafter, where the context requires, "Rule 7" or "Rule 7(f)"), and in support thereof files the following Memorandum of Law. The requested particulars are necessary to inform the defense of the specific charges in the pending Indictment and to reduce the possibility of unfair surprise and undue prejudice in the event of trial.

## PRELIMINARY STATEMENT

The extent of the Government's claims, which encompass a period of approximately three years, include activities conducted by a number of individuals, an alleged organization of marijuana smugglers. However, no such individuals are named in the Indictment returned against Mr. Braun. Additionally, the Indictment alleges that Mr. Braun is responsible for the crimes of the whole organization. Such has made parsing the Indictment and identifying precisely what Mr. Braun is alleged to have done all the more daunting. The Indictment returned against Mr. Braun is the product of a lengthy investigation by the Drug Enforcement Administration, Immigration and Customs Enforcement and the United States Attorney's Office for the Eastern

1

District of New York, in a concerted effort to indict Mr. Braun even though there is insufficient evidence to allege the charges against him with adequate specificity. The Indictment charges Mr. Braun with four (4) Counts of alleged criminal misconduct, including, Count ONE: Conspiracy to Import Marijuana, 21 U.S.C. §§963, and 960(a)(1); Count TWO: Conspiracy to Distribute Marijuana, 21 U.S.C. §846; Count THREE: Possession of Marijuana with Intent to Distribute, 21 U.S.C. §841(a)(1); and Count FOUR: Money Laundering Conspiracy, 18 U.S.C. §1956(h). As will be more fully demonstrated below, the above-referenced Counts must be particularized in order to comply with the requirements of Rule 7 and the Fifth Amendment to the United States Constitution.

## DISCUSSION

### I. The Legal Standard For A Bill Of Particulars

Under Federal Rule of Criminal Procedure 7(f), "The court may direct the government to file a bill of particulars." It can be requested by a defendant within ten days of arraignment, or thereafter if the Court allows. The purposes and functions of a bill of particulars are: (1) to identify with sufficient particularity the nature of the charges pending against the accused, thereby enabling him to prepare for trial; (2) to prevent unfair surprise; and (3) to permit the accused to interpose a plea of double jeopardy. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1980); *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963). When a bill of particulars would serve these purposes, the defendant is entitled to it "as of right", even though it requires "…the furnishing of information which in other circumstances would not be required because [it would be] evidentiary in nature." *United States v. Gypsum Co.*, 37 F. Supp. 398, 403 (D.D.C. 1941).

Courts in this Circuit have consistently interpreted Rule 7(f) broadly to give defendants

fair notice of the charges against them as required by the Fifth Amendment to the United States Constitution. *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y. 1966); Fed. R. Crim. P. 7(f) Advisory Committee's Note (stating that the 1966 amendment to Rule 7(f), which eliminated the requirement of showing cause, was "designed to encourage a more liberal attitude by the courts towards bills of particulars"). Consistent with this approach, any doubt concerning whether a bill of particulars should be granted "**must be resolved in favor of disclosure and the conflicting concerns [of the prosecutor and defendant] must yield to the paramount public interest in affording the accused a reasonable foundation for mounting a defense**." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971) (Embolding Supplied). *See also*, *United States v. Thevis*, 474 F. Supp. 117 (N.D. Ga. 1979), *aff'd on other grounds*, 665 F.2d 616 (5th Cir.), *cert. denied*, 459 U.S. 825 (1982). Therefore, this Court should require the Government to particularize its charges against Mr. Braun regarding the conspiracies to import and distribute alleged in the Indictment.

Furthermore, courts have long recognized that the production of extensive, or open-file, discovery is not an adequate alternative for particularized information about the allegedly false documents or representations. Indeed, massive productions of documents by the Government only tend to aggravate the lack of notice and difficulties of trial preparation, and therefore weigh in favor of granting a bill of particulars. *United States v. Bortnovsky*, 820 F.2d at 574; *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[i]t is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material is precisely what necessitates a bill of particulars").

In this case, Mr. Braun simply cannot be forced to wait until the Government begins producing voluminous and unorganized boxes of discovery, tapes, recordings and the like, to

prepare an adequate defense as such would create undue prejudice and unfair surprise in the event of trial. Thus, this Court should require the Government to provide specific details regarding both Mr. Braun's individual involvement and the involvement of others in the alleged conspiracies to import and distribute.

## II. The Government Should Disclose The Identities of The Unnamed Co-conspirators And "Others"

Rule 7(f) also requires that the Government identify with sufficient particularity the identity of other persons the Indictment alleges engaged in conduct critical to the charges brought against Mr. Braun. Without this information, Mr. Braun will not be able to adequately prepare for trial.

Count ONE of the Indictment, charging Conspiracy to Import Marijuana, states:

> On or about and between January 1, 2009 and May 26, 2010, both dates being approximate and inconclusive, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, **together with others, did knowingly and intentionally conspire to import a controlled substance containing marijuana**, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a)**.** (Embolding Supplied).

Count TWO of the Indictment, charging Conspiracy to Distribute Marijuana, states:

> On or about and between January 1, 2009 and May 26, 2010, both dates being approximate and inconclusive, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, **together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 1000 kilograms or more of a substance containing marijuana**, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). (Embolding Supplied).

And, Count THREE of the Indictment, charging Possession with Intent to Distribute Marijuana, states:

> On or about May 11, 2009, within the Eastern District of New York and elsewhere, the defendant JONATHAN BRAUN, **together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana**, a Schedule I controlled substance.

The Indictment does not mention any particular individual or individuals who the Government alleges to have been involved in the charges alleged against Mr. Braun. The Indictment merely refers to Mr. Braun's alleged conduct to have been conducted "together with others" and does not contain any further reference to the specific identities of the "others".

Specifically, this Court should require the Government to provide particulars, including the full names of the "others" – the purported co-conspirators and participants in the alleged Conspiracy and charges. It is critical for the protection of Mr. Braun's rights and for his adequate preparation for trial, that the Government specifically identify the co-conspirators and "others" since there is no way of separating the alleged co-conspirators and "others" from any other person Mr. Braun has encountered in the past three years of the Government's investigation or during the approximate year and one half time frame detailed in the Indictment. Moreover, there is no rational justification for the Government to wait until trial to surprise the defense with this relevant and pertinent information. *See, e.g. United States v. Torres*, 901 F.2d at 234.

Further, the Government alleges such conspiracies to have involved 1000 kilograms or more of a substance containing marijuana. The Government should be required to reveal to the Defense an itemization of the aggregate amount of the substance alleged as each partial amount correlates to each "other" and co-conspirator's involvement.

### III. The Government Should Disclose The Exact Amount Of The Substance Containing Marijuana Alleged In Counts ONE, TWO and THREE Of The Indictment, And The Addresses Of Any And All Locations From Which It Originated Or Was Seized

The Indictment alleges at least 1000 kilograms of controlled substance as required for the Counts ONE and TWO, and at least 100 kilograms in Count THREE. However, neither an exact nor an approximate amount of the controlled substance involved in the alleged crimes charged was identified in the Indictment for any of the Counts. The absence of this information from the

Indictment puts the Defendant at a severe disadvantage.

In *United States v. Polak*, Judge Pooler denied the defendant's motion for a bill of particulars after determining that the defendant had sufficient information to allow him to adequately prepare for trial. *U.S. v. Polak*, 1995 U.S. Dist. Lexis 8708, *6 (N.D.N.Y. 1995). The defendant made a motion for bill of particulars after being charged with a multiple count criminal indictment related to conspiracy to possess cocaine with the intent to distribute it (count 1), conspiracy to distribute cocaine, possession of cocaine with the intent to distribute it and distribution of cocaine (count 2 and 3), and a forfeiture claim (count 5). *Id.* at *1-2. The defendant claimed that the indictment and criminal complaint filed against him were so general that he was not sufficiently advised of the charged crimes. *Id.* at *3-4. Specifically, the defendant argued that count 1 was too vague because, *inter alia*, it did not specify the amount of cocaine in the alleged conspiracy, and that counts 2 and 3 were too general because they only stated one date that the transactions were to have allegedly taken place. *Id.* However, there was a preliminary hearing in the case, where a DEA agent gave testimony, providing "[m]any any of the details Barber requests, such as quantities of cocaine, times and places of transactions, participates to transactions and even dialogue attributed to defendant." *Id.* at *5-6. The defendant's motion for a bill of particulars was denied because the court found that the information provided through the combination of the indictment, criminal complaint and preliminary hearing was sufficient. The court did not rule on the indictment alone.

However, the instant matter is clearly distinguishable from *Polak* because the Government has not provided the Defendant with sufficient information with respect to the amounts of controlled substances alleged and times and places of any alleged actions, through any combination of indictment, complaint and preliminary hearing with witness testimony. There

6

is no criminal complaint in the instant matter, and there have been no such preliminary hearings. Without this pertinent information, it is utterly impossible for Mr. Braun to prepare a defense of the crimes charged because he does not know the specific amount of controlled substances alleged in the crimes charged against him.

For the foregoing reasons, the Government should disclose to the Defense <u>the exact amounts of the alleged controlled substances containing marijuana, and the addresses of any and all locations from which the alleged controlled substances originated or was seized, as alleged in Counts ONE, TWO, and THREE of the Indictment,</u> in order to allow the Defendant to prepare a proper defense and to avoid unfair surprise at trial.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant Jonathan Braun respectfully requests the Court grant an Order directing the Government to provide the requested bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

Dated: Brooklyn, New York
       December 20, 2010

                                          Respectfully submitted,

                                        By: <u>/s/ John C. Meringolo</u>
                                        **JOHN C. MERINGOLO, ESQ.** (JM3487)
                                        Meringolo & Associates, P.C.
                                        11 Evans Street
                                        Brooklyn, New York 11201
                                        Direct No. (347) 599-0992
                                        *Attorneys for Defendant Jonathan Braun*