WMN:SLT
F.#2010R00407

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                     PRELIMINARY
                                              ORDER OF FORFEITURE
   - against -
                                              10-CR-433 (S-1)(SLT)
JONATHAN BRAUN,

          Defendant.

- - - - - - - - - - - - - - - - - - X

          WHEREAS, on or about November 3, 2011, the defendant,

JONATHAN BRAUN, entered a plea of guilty to Counts One and Six of

the above-captioned Superseding Indictment charging violations of

21 U.S.C. § 963 and 18 U.S.C. § 1956(h); and

          WHEREAS, the defendant consents to the forfeiture of

the following: (a) Four Hundred Seventy-Seven Thousand, Five

Hundred Sixty-Five Dollars ($477,565.00) in United States

currency seized on May 11, 2009, (b) Seventy-Seven Thousand

Dollars ($77,000.00) in United States currency seized on May 26,

2010 from the defendant's residence, (c) Five Hundred Four

Thousand, One Hundred Dollars ($504,100.00) in United States

currency seized on February 14, 2011, from multiple safety

deposit boxes controlled by the defendant; and (d) Thirty-Two

Thousand, Five Hundred Dollars ($32,500.00) in United States

currency voluntarily surrendered on April 1, 2011 (the "Forfeited

Assets"), pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. §

982(a)(1), as property which constitutes or is derived from

proceeds obtained directly or indirectly as a result of the

defendant's violations of 21 U.S.C. § 963 and 18 U.S.C. §

1956(h), as property used or intended to be used, in any manner

or part, to commit, or to facilitate the commission of said

violations, and/or as substitute assets pursuant to 21 U.S.C. §

853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent,

by and between the United States and the defendant as follows:

1.   The defendant shall forfeit to the United States

all right, title and interest in the Forfeited Assets pursuant to

21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) and 21 U.S.C. §

853(p).

2.   The defendant shall fully assist the Government in

effectuating the surrender and forfeiture of the Forfeited Assets

to the United States.  The defendant shall take whatever steps

are necessary to ensure that clear title thereto passes to the

United States, including, but not limited to, the execution of

any documents necessary to effectuate the surrender and

forfeiture of the Forfeited Assets to the United States.  The

defendant shall not file or interpose any claim or assist others

to file or interpose any claim to the Forfeited Assets in any

administrative or judicial proceeding.

3.   The defendant knowingly and voluntarily waives his

right to any required notice concerning the forfeiture of the

properties forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the ex post facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4.    Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.    The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those

persons so notified.

6.     Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7.     The United States shall have clear title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction.  If no third party files a timely claim, this

Preliminary Order, together with Supplemental Preliminary Orders
of Forfeiture, if any, shall become the Final Order of
Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that
time, the properties forfeited herein shall be forfeited to the
United States for disposition in accordance with law.

       9.   This Preliminary Order shall be binding upon the
defendant and the successors, administrators, heirs, assigns and
transferees of the defendant, and shall survive the bankruptcy of
any of them.

      10.   The terms contained herein shall be final and
binding only upon the Court's "so ordering" of this Preliminary
Order.

      11.   The Court shall retain jurisdiction over this
action to enforce compliance with the terms of this Preliminary
Order.

      12.   The Clerk of the Court is directed to send, by
inter-office mail, three certified copies of this executed
Preliminary Order to United States Attorney's Office, Eastern
District of New York, ATTN: Nicole Brown, FSA Paralegal, 271
Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      April ___, 2013

                               _____

                               HONORABLE SANDRA L. TOWNES
                               UNITED STATES DISTRICT JUDGE