**Bloomberg**

Bloomberg L.P.   731 Lexington Ave   Tel +1 212 617 3671
New York, NY 10022   kkriegman@bloomberg.net

November 21, 2019

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Jonathan Braun et. al.
                Criminal Docket No. 10-433 (E.D.N.Y.) (KAM)

Dear Judge Matsumoto:

      On behalf of Bloomberg News, an accredited and global newsgathering organization, I am writing respectfully to request the unsealing of certain documents in the above-referenced case. In particular, Bloomberg News respectfully requests that defendant Jonathan Braun's Motion to Vacate (Docket No. 174) and supporting affidavits (Docket Nos. 175, 176 & 177) (together, the "Sealed Documents") be made available to the public.

      Under the First Amendment and the common law, the public enjoys a presumptive right of access to "judicial documents," which include court filings "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). A motion to vacate plainly satisfies this standard and is a "judicial document" to which the presumptive right of access attaches. See United States v. Wright, No. 04-cr-0949, 2012 BL 186736 (E.D.N.Y. July 16, 2012) (denying defendant's motion to seal a motion to vacate). These rights have been held to apply more generally to sentencing proceedings and, to the extent such information is implicated, "even [] to plea agreements and related documents disclosing defendants' cooperation . . . ." See United States v. Key, No. 98-CR-446, 2010 BL 214043, at *2 (E.D.N.Y. Sept. 15, 2010). Accordingly, the Sealed Documents are subject to the presumptive First Amendment right of access, as well as the common law right of access to judicial documents.

      The First Amendment right of access may be overcome only upon the showing of a compelling interest in secrecy, and only so long as denial of access is narrowly tailored to serve that compelling interest. In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987). If the Court determines that sealing is appropriate, it must make specific on-the-record findings "demonstrating that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). The docket does not reflect a showing by any of the parties that would overcome the presumptive right of access and there does not appear to be any compelling

**Bloomberg**

reason for wholesale closure. On the other hand, the public interest in the transparency of these proceedings is strong. The Sealed Documents raise issues of the effectiveness of defense counsel's representation during the criminal proceedings in this Court. See Docket Nos. 178 & 179. Such issues "raise questions about the quality of justice that [defendant] received during the [criminal] prosecution", which are important matters of public concern in which there is a strong interest in public proceedings. Wright, 2012 BL 186736, at *3 (quoting Doe v. Greiner, 662 F. Supp. 2d 355, 360-61 (S.D.N.Y. 2009)). To the extent the Court finds that there are compelling interests for sealing portions of the Sealed Documents, such redactions should be narrowly tailored to allow as much public access as possible. See, e.g., United States v. Cicale, No. 05-CR-60-2, 2018 BL 10324, at *6 (E.D.N.Y. Jan. 10, 2018) (ordering documents related to Defendant's Motion to Vacate or Alter Sentence unsealed subject to redaction of information to protect Defendant's safety).

We respectfully request that the Court keep these principles in mind in evaluating whether the Sealed Documents should continue to be shielded from public view. We appreciate Your Honor's consideration of this request.

Respectfully submitted,

By:     /s/ Katherine Kriegman Graham
        Katherine Kriegman Graham, Esq.

Cc:     All counsel of record (via ECF)