**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————————————X

**UNITED STATES OF AMERICA**

　　　　　　　　-v.-　　　　　　　　　　**10 CR 433 (KAM)**

**JONATHAN BRAUN,**　　　　　　　　　**AFFIDAVIT**

　　　　　　　　　　*Defendant.*
————————————————————————X

STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　　)　　ss.
COUNTY OF RICHMOND　　　)

　　　　**JONATHAN BRAUN** duly swears:

　　　　1.　　　I am the defendant in the captioned case.

　　　　2.　　　I submit this affidavit in support of my motion to vacate my 10-year sentence based on ineffective assistance of counsel.

　　　　3.　　　Prior to my May 28, 2019 sentencing, I was unaware of any anonymous letters filed against me with this Court – in Aug. 2018, April 2019 or on any other date. My attorneys never advised me of the Aug. 2018 or April 2019 letters (nor any other). And I did not learn of their existence by any alternative means. I first learned of the Aug. 2018 and April 2019 letters when the Court brought them up during my sentencing hearing.

4.     Representing me at sentencing was Anjelica Cappellino, a young attorney associated with my lead lawyer, John Meringolo. When the Court mentioned the anonymous letters, I expressed great concern to Ms. Cappellino. I asked Ms. Cappellino what the Court was talking about and urged her to step in and do something. Ms. Cappellino waved off my concerns, telling me not to worry, everything would be fine. As a result, I was unable to dispute the anonymous allegations and they went unchallenged.

5.     The anonymous letters accused me of serious personal and professional misconduct while released on bail awaiting sentencing. Most troubling, they claimed that I violently assaulted a man at a party, causing severe and permanent physical injury by intentionally shoving him off a two-story balcony. Sent. Tr. 11; *see also id.* 33. Equally disturbing, they claimed that I threatened a rabbi with physical and reputational harm – by community exposure as a lying thief – over an unpaid business debt. *Id.* 12-13, 33. Both claims are false.

6.     About a month before the July 2018 engagement party in question, my first cousin by marriage, Matias Fortgang, asked me to lend him a large sum of money, around $60,000-$70,000. I declined. When I

2

rebuffed his renewed request at the party, Fortgang became physically and verbally abusive, aggressively confronting and loudly berating me. In the course of his belligerent ranting, Fortgang fell backward off a one-story deck, tumbling some six feet to the ground. *See* Ex. A (deck photos).

7.     In a consensually recorded call with my father shortly after his fall, Fortgang more than doubled his financial demand, threatening to "GO[] TO THE COPS" unless he received $150,000 overnight. *See* Ex. B (10/29/18 10:57 pm call transcript). Half an hour later he sent wiring instructions by text message. *See* Ex. C. Fortgang perpetuated his extortion attempt a few days afterward, repeating his demand to my wife in another recorded call.

8.     Treatment records from Staten Island University Hospital – produced informally by Fortgang's civil counsel – confirm my account of the party incident and further belie the anonymous allegations. Collectively, the records indicate that Fortgang "[f]ell" from a "one-story balcony" and landed on "an air conditioner." (I understand that health care privacy laws preclude attaching the records as exhibits.)

9.     And far from suffering debilitating bodily injury, recent video and photographic evidence shows Fortgang fully ambulatory, performing

3

physical activity such as dancing at a wedding, pulling garbage cans and lifting trash bags. *See*, *e.g.*, Ex. D. Finally, as for the spurious civil suit Fortgang filed against me, his failure to post a meager $500 court bond has put it on indefinite hold. *See* Ex. E.

10.   Next I turn briefly to the anonymous claims about the rabbi and his unpaid business debt. Court records establish that the creditor – Richmond Capital Group, LLC, not me personally to the extent the anonymous letters suggest otherwise – resorted to lawful process to collect the debt, obtaining a $14,662.77 "judgment by confession." The rabbi and his congregation subsequently paid the judgment in "full," thereby acknowledging the debt was legitimately owed, and withdrew their motion to vacate the judgment. Those steps resolved the dispute between the parties and ended the litigation that ensued. *See* Ex. F.

4

**WHEREFORE**, for the reasons stated in the accompanying memorandum, I respectfully ask this Court to vacate the 10-year sentence previously imposed and sentence me anew.

_____

JONATHAN BRAUN

Sworn before me
Sept. 29, 2019

_____

MARC FERNICH

02FE6183635
KINGS CO
MY COMMISSION EXPIRES
3/17/2020

EXHIBIT A





EXHIBIT B

# JULY 29TH 2018  10:57 PM

MATIAS FORTGANG : I HAVE 20 MINUTES FOR YOU  TO DECIDE WHAT YOU WANT TO DO

JACOB BRAUN: TELL ME, TELL ME WHAT TO DO

MATIAS FORTGANG: PUT A 150,000 INTO MY ACCOUNT WIRE BY TOMORROW, 10 O'CLOCK IN THE MORNING

JACOB BRAUN: I'M SORRY

MATIAS FORTGANG: THAT'S WHAT I WANT. I WANT 150,000K IN MY ACCOUNT  TOMORROW MORNING WIRE, OTHERWISE I AM GOING TO THE COPS NOW THAT'S IT I AM DONE WITH THIS BULLSHIT. I AM NOT GONNA BE TREATED LIKE THIS BY A CHAYA

JACOB BRAUN: OK SO

MATIAS FORTGANG: SO YOU DECIDE WHAT NUMBER YOU WANT TO CHOOSE, A BADGE NUMBER OR THAT NUMBER

JACOB BRAUN: OK SEND ME THE INFORMATION

MATIAS FORTGANG: I'M GONNA HAVE ESTEE SEND THE INFORMATION, PLEASE TAKE CARE OF IT RIGHT NOW

JACOB BRAUN: SEND ME THE INFORMATION PLEASE

MATIAS FORTGANG: I WILL SEND IT TO YOU. I WILL HAVE ESTEE SEND IT TO YOU RIGHT NOW

JACOB BRAUN: OK

EXHIBIT C



EXHIBIT D






20

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

IAS PART __4__

-----------------------------------------X

FORTGANG

v.

BRAUN

-----------------------------------------x

**ORDER** Amended.

Index No. 153573/18

Justice DOLLARD

Motion 001.

**IT IS HEREBY ORDERED AS FOLLOWS:**

A's motion pursuant to CPLR 8501 is hereby granted.
π is directed to post a security bond in the amount of
the statutory minimum of $500.00.

The matter is hereby STAYED until π posts the security
bond and proof of same is provided to the Court.

Plaintiff is herein directed to ~~post a security bond in the~~ deposit with the court. 🖊
amount of the statutory minimum of $500.00.

Plaintiff is further directed to deposit said amount with the
County Clerk.

NO ADJOURNMENTS- Failure to comply with this ORDER may result in Preclusion, Waiver,
Striking of Answer, and/or Default Judgment.

Date: 6/17/19 .

So Ordered.
ENTER: _____
J.S.C.

Hon. Kim Dollard
Acting Supreme Court Justice

EXHIBIT F

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Jacob H. Nemon**
Associate
•
*Direct Dial: 212-238-8728*
*E-mail: nemon@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

July 19, 2018

**BY FAX**
Hon. James V. Brands
Supreme Court of the State of New York
10 Market Street, Courtroom 200
Poughkeepsie, NY 12601
F: (845) 431-1785

Re:   ***Richmond Capital Group, LLC v. Congregation Shule, LLC et al.,***
      **Index No. 2018-51838**

Dear Justice Brands:

This firm represents Defendants Congregation Shule, Inc. and Avraham Lesches in the above-referenced matter. Defendants made full payment of the judgment amount of $14,662.77 to Plaintiff Richmond Capital LLC, rendering this matter moot. A copy of the payment confirmation is attached. In light of this payment, Defendants hereby withdraw the application made by order to show cause dated June 25, 2018 to vacate the judgment by confession and for other relief. Please mark the application off the Court's motion calendar and vacate the temporary injunctive relief previously granted in favor of Defendants.

Defendants expect that Plaintiff will file a satisfaction of judgment at once, as required by the CPLR.

Sincerely,

Jacob H. Nemon

Cc:   Jeffrey S. Boxer, Esq. (by email to boxer@clm.com)
      Gabriel Mendelberg (by email to gabe@mendelberglaw.com)

8310104.3

# Review this request — Read and confirm the details for
this wire request. Click "Wire Activity" to go back on the Activity page.

Things you can do

## Account Details

| | |
|---|---|
| Wire to | RICHMOND CAPITAL GROUP LLC( |
| Wire from | Shul School Reserve ( |

## Wire Details - Sender

| | |
|---|---|
| Wire amount | 14662.77 U.S. Dollars (USD) |
| Scheduled On ❶ | 07/19/2018 at 01:24 PM ET |
| Wire date | 07/19/2018 |
| Message to recipient | |
| Message/instructions to recipient bank | |
| Memo ❶ | Judgment in RCG v. Congregation, Paid Without Prejudice |
| Transaction number | 5041639765 |
| Fed reference number | N/A |
| Status | In Transit |
| Submitted by | Administrator on 7/19/2018 1:24:21 PM |
| Last modified by | Administrator on 7/19/2018 1:24:21 PM |
| Approved by | Not Available |

Wire Activity

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X

RICHMOND CAPITAL GROUP LLC,

                      Plaintiff,

          -against-

CONGREGATION SHULE, INC. D/B/A
CONGREGATION SHULE and A
AVRAHAM LESCHES,

                      Defendants.
-------------------------------------------------------------------X

Index No.: 2018-51838
(Brands, J.S.C.)

**ORDER**

**WHEREAS**, on June 25, 2018, upon the application of Defendants Congregation Shule,

Inc. and Avraham Lesches (together, "Defendants"), the Court entered an Order to Show Cause

with Temporary Stay, staying Plaintiff Richmond Capital Group's ("Plaintiff") judgment

enforcement (Dkt. No. 29) (the "Order");

**WHEREAS**, on July 19, 2018, by letter to the Court, Defendants withdrew their

application to vacate the judgment (Dkt. No. 43);

**WHEREAS**, on July 20, 2018, Plaintiff filed a satisfaction of judgment (Dkt. No. 41);

**IT IS HEREBY ORDERED** that the temporary injunctive relief granted in the Order is

vacated.

*SO ORDERED:*

Dated: 9/5/18
Poughkeepsie, N.Y.

James V. Brands, J.S.C.