

U.S. Department of Justice

United States Attorney
Eastern District of New York

CRH
2010R00407 / OCDETF # NY-NYE-578

271 Cadman Plaza East
Brooklyn, New York 11201

December 12, 2019

**<u>ORIGINAL REQUESTED UNDER SEAL; REDACTED FILED BY ECF</u>**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Jonathan Braun
      <u>Criminal Docket No. 10-433 (KAM)</u>

Dear Judge Matsumoto:

   The government respectfully submits this letter, in response to the Court's order, regarding the motion from Bloomberg News to unseal the defendant's motion to vacate the sentence. <u>See</u> Docket Entry No. 180 (the "Motion"). The government respectfully submits that the redacted filings submitted by the defendant (see Docket Entry Nos. 183-187) are sufficiently tailored to balance the public right to access with competing law enforcement, safety and privacy interests.

   I.  <u>Background</u>

   On or about November 21, 2019, Bloomberg News moved to unseal the defendant's motion vacate and corresponding supporting documents. The third party movant argues that the public right to access under the First Amendment merits the unsealing of the materials, because they raise issues related to the defendant's counsel and the quality of justice that the defendant received. <u>See</u> Motion at 2. On November 25, 2019, the defendant responded to the Motion. <u>See</u> Docket Entry No. 182. The defendant opposes unsealing of the entirety of the motion to vacate and supporting papers, because of facts that show there is a compelling interest in the protection of the defendant's safety that warrants sealing. Specifically, the defendant notes in the publicly filed portion of his response that the defendant and his family have received threats, and that other participants in the case have been killed. Id. ███████████████████████████████████████████████████ However, the defendant further tailored his motion to vacate by publicly filing unsealed versions of the same motion

papers with redactions of certain sections that the defendant argues should remain sealed. See id.

## II. Legal Standard

Although there is a public right to access of judicial proceedings and documents, that right is qualified and can be limited when there are competing interests that justify the sealing of the judicial record. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II") ("Unlimited access, while perhaps aiding the professional and public monitoring of courts, might adversely affect law enforcement interests or judicial performance"). The Second Circuit has long held that there are valid interests that warrant the sealing of documents. Those interests include law enforcement's interest in the integrity of its investigations, the safety of witnesses and third parties, and the privacy interests of victims and others. See, e.g., United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) (upholding sealing of plea agreement, in part because alerting "potential targets of the investigation," could cause the witness "to be reluctant about testifying," and expose innocent subjects of the investigation to "public embarrassment"); In re Dep't of Investigation, 856 F.2d 481, 484 (2d Cir. 1988) (recognizing law enforcement privilege as interest worthy of protection "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation"); United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 147 (2d Cir. 1995) (interests in favor of sealing include, among other things, "to protect witness[es]" and "to safeguard the privacy of individuals involved in an investigation"); United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (danger to person may be compelling reason to override public's right of access).

Accordingly, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (internal citation omitted).

## III. Analysis

The government agrees with the defendant that there are multiple compelling interests to support sealing the motion to vacate documents. First, the government agrees that the defendant's personal safety, and the safety of third parties like his family members, constitute a compelling interest that outweighs the public right to access in this case. [REDACTED]

2

There is also a significant law enforcement interest that outweighs the public interest to access to certain information in this case. ██████████████████████████████████████████████████████████████████████████████████████████████████████████.

Finally, the government notes that the defendant has made appropriate efforts to narrowly tailor his sealing request by redacting only portions of the motion to vacate documents. A substantial portion of the defendant's motion is unsealed, and available for the public to review. The unsealed portions of the motion include the majority of the factual background and the legal argument supporting the motion to vacate. The public filing of this information is more than sufficient to vitiate any public interest in the review of materials related to "the quality of justice that the defendant received," which is the only specific interest raised in this case.

IV.  Sealing

The government respectfully requests that the highlighted portions of this letter be filed under seal; a copy of this letter with those portions redacted has been filed on the electronic docket. For the same reasons that justify the sealing of the redacted portions of the defendant's papers described above, the highlighted portions of this letter creates a risk of danger for the defendant, and will compromise law enforcement interests. See Doe, 63 F.3d at 128; Amodeo II, 71 F.3d at 1050. Under these circumstances, the parties' countervailing interests outweigh the public's qualified right to access to these portions of the letter.

V.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny the Motion due to the redacted filings subsequently submitted by the defendant.

Respectfully submitted,

Richard Donoghue
United States Attorney

By:   /s/ Craig R. Heeren
Craig R. Heeren
Assistant U.S. Attorney
(718) 254-6467

cc:   Marc Fernich, Esq. (by Email)