TH/RAB
F. #2025R00212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JONATHAN BRAUN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Criminal No. 10-433 (KAM)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

      1.     Any and all discovery material designated by the government as "sensitive discovery material" and produced to the defendant JONATHAN BRAUN (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, may be used by the defendant and defense counsel for any purpose consistent with this Stipulation and Order in furtherance of the representation of the defendant in connection with the above-captioned case;

      2.     Any and all sensitive discovery material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or

1

prepared from this sensitive discovery material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of defense counsel (i.e., defense counsel, paralegals, investigators, interpreters and retained experts), who shall be bound by the entirety of this Stipulation and Order, without further order of the Court;

3. Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of defense counsel, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Stipulation and Order;

4. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any sensitive discovery material, and may not take sensitive discovery material, or copies thereof, into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess sensitive discovery material or copies in any such facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from sensitive discovery material to others;

5. All sensitive discovery material specifically identified by the government as material designated for "attorneys' eyes only" (the "Attorneys' Eyes Only Material") may be reviewed only by defense counsel and defense counsel's legal staff, as defined in paragraph 2 above. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the defendant;

6. Where the defendant and/or defense counsel wishes to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 2, or where defense counsel wishes to disclose Attorneys' Eyes Only Material to the defendant, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. None of the sensitive discovery material, nor any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Stipulation and Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the sensitive discovery material to public filings made with the Court, defense counsel must provide advance notice to the

government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

8. Nothing in this Stipulation and Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

9. Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

10. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material unless and until substitute counsel has filed a Notice of Appearance in the above-captioned matter, is provided a copy of this Order, and is advised of his or her obligation to comply with this Order;

11. The defendant and defense counsel will return to the government or destroy the sensitive discovery material and all copies thereof, whether in the possession of the defendant, defense counsel or members of the legal staff of defense counsel, when the defendant enters a guilty plea, after the conclusion of any hearing and direct appeal, or immediately following an acquittal, whichever occurs last; and

12. Any violation of this Stipulation and Order (a) will require the immediate return to the United States of the sensitive discovery material and all copies thereof, and (b) may result in contempt of Court.

Dated:     Brooklyn, New York
April 8, 2025

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By: *Rachel Bennek*
Tanya Hajjar
Rachel A. Bennek
Assistant U.S. Attorneys

*Kathryn Wozencroft*
Kathryn Wozencroft, Esq.
Attorney for the defendant

SO ORDERED.

_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK