

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH/RAB
F. #2025R00212

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 8, 2025

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Jonathan Braun
> Criminal Docket No. 10-433 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of the revocation hearing scheduled for April 10, 2025 at 1 p.m. The government has conferred with defense counsel for the defendant Jonathan Braun, who has advised that the defendant is waiving his right to a preliminary hearing and seeks a full revocation hearing on April 10.

      At present, the government intends to present proof of the following charges at the April 10 hearing: Charges 1-3 (Assault in the Second Degree, Assault in the Third Degree, and Act in Manner to Injure a Child Less Than 17); Charge 4 (Menacing); Charge 6 (Forcible Touching); and Charge 7 (Petit Larceny). The government has endeavored to contact witnesses to each of the charges, but, in light of the defendant's request for a full revocation hearing within a week of his arrest and the relaxed evidentiary standards of a revocation hearing, the government may seek to introduce out-of-court statements and other records as evidence at the hearing.[1]

---

      [1]    Because a revocation hearing is "not deemed part of a criminal prosecution, . . . defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy." United States v. Carthen, 681 F.3d 94, 99 (2d Cir. 2012) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). As the Second Circuit has explained, "neither the Due Process Clause nor Rule 32.1 obliges the district court to perform a good-cause analysis with respect to a proffered out-of-court statement that is admissible under an established exception to the hearsay rule." United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006) (citation omitted). Likewise, the Confrontation Clause does not apply. See United States v. Aspinall, 389 F.3d 332, 343 (2d Cir. 2004), abrogated on other grounds by United States v. Booker, 543 U.S. 220 (2005). In addition, by their explicit terms, the

A victim of one of the charges is not available to testify on Thursday due to a work commitment but is available on Friday, April 11. The government respectfully requests that the Court permit this witness to testify on Friday. Defense counsel does not object to the government's request.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    /s/ _____
              Tanya Hajjar
              Rachel Bennek
              Assistant U.S. Attorneys
              718-254-7000

cc:    Kathryn Wozencroft, Esq. (by email and ECF)
      U.S. Probation Officer Heather Clark (by email)

---

Federal Rules of Evidence do not apply in a proceeding "granting or revoking probation or supervised release." Fed. R. Evid. 1101(d)(3). "[J]udicial officers have considerable discretion at such hearings in determining the testimony to admit and the manner in which it may be given." United States v. Santos-Ferrer, 111 F. App'x 51, 52 (2d Cir. 2004). Accordingly, pursuant to Federal Rule of Criminal Procedure 32.1(b)(1)(B)(iii), a defendant in a revocation hearing will not be given the opportunity to question an adverse witness if "the judge determines that the interest of justice does not require the witness to appear." To determine whether this standard is satisfied, "the court must balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." Williams, 443 F.3d at 45.