

**Janon Fisher**
Courts Reporter, *Newsday*
6 Corporate Center Drive
Melville, NY 11747
janon.fisher@newsday.com
(646) 591-8732

Aug. 13, 2025

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Motion to Unseal CJA Form 23 and Accompanying Letter in United States v. Jonathan Braun, 10-cr-00433

Dear Judge Matsumoto,

I respectfully request that the Court unseal the CJA Form 23 Financial Affidavit and the accompanying letter submitted in the above-referenced case.

**Legal Standards for Sealing Documents**

Under the Local Rules of the Eastern District of New York, documents are presumed to be open to the public unless the Court orders otherwise. Specifically, Local Civil Rule 6.3 requires a party seeking to file a document under seal to obtain prior permission from the Court. The party must demonstrate a compelling reason for sealing, and the Court must make specific findings justifying the sealing. The mere presence of sensitive information does not suffice to overcome the presumption of public access.

**Public Interest in the Braun Case**

The case against Jonathan Braun has garnered significant public attention, particularly following his commutation by President Donald Trump on January 20, 2021. This action has heightened public interest in the details of his legal proceedings, including the financial affidavit submitted under the Criminal Justice Act (CJA). The public has a right to scrutinize the circumstances under which a defendant is deemed eligible for appointed counsel, especially in high-profile cases.

**Contradictory Evidence Regarding Financial Need**

During post-release supervision violation hearings, evidence was presented that appears to contradict Braun's claimed financial need. Testimony indicates Braun has the means to employ

a butler and a spiritual advisor. Video footage presented by the government at his hearing shows his expansive residence in Lawrence, New York, and images of expensive Italian sports cars suggest a level of affluence inconsistent with the assertions normally made in the CJA Form 23. This discrepancy raises questions about the accuracy of Braun's financial disclosures and underscores the importance of public access to the affidavit for informed scrutiny.

**Conclusion**

Sealing the CJA Form 23 and accompanying letter in this case runs contrary to established legal standards and the principles of transparency in federal court proceedings. The public interest in understanding the basis for Braun's eligibility for appointed counsel, coupled with the apparent contradictions in the evidence presented, warrants the unsealing of these documents.

I respectfully request that the Court grant this motion and unseal the CJA Form 23 and accompanying letter in the interest of justice and public transparency.

Thank you for your consideration.

Sincerely,

Janon Fisher
 Courts Reporter, *Newsday*