**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

---

*Tamara L. Giwa*
*Executive Director and*
*Attorney-in-Chief*

*Michelle A. Gelernt*
*Attorney-in-Charge*

November 5, 2025

**Via ECF and Email**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, N.Y. 11201

      Re:    *United States v. Jonathan Braun*, 10- cr-433 (KAM)

Dear Judge Matsumoto,

      The defense has been informed that the Court received an anonymous letter in connection with the above-captioned violation of supervised release sentencing, scheduled for Monday, November 10, 2025. Because the letter is anonymous, does not appear to be written by a party, or witness in the case, and neither party intends to rely on the letter at sentencing, it should not be filed on the public docket and should not be considered by the Court. *See* ECF No. 265 (indicating the government has no intention of relying on the letter).

      As an initial matter, the submission does not comply with the Local Rules or CM/ECF procedures. Under Local Civil Rule 5.2(a) and the Court's Electronic Filing Procedures, only parties and counsel of record may file documents on the docket through the CM/ECF system. Non-parties may file only with prior leave of the Court. An unsigned or anonymous submission does not satisfy the certification and service requirements of Federal Rule of Civil Procedure 11(a), which mandates that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The anonymous letter at issue bears no signature, return address, or identifying information that would establish compliance with Rule 11 or any local rule governing filings. It therefore should not be treated as a proper submission or be part of the public docket.

      Further, the letter is not relevant and should not be relied upon by the Court. No party to this case has sought to file, reference, or rely upon the anonymous letter. The letter has not been authenticated or incorporated into any motion, pleading, or exhibit. Accordingly, its presence on the docket serves no adjudicative purpose. The docket should not serve as a public forum for anonymous communications. Allowing anonymous or extrajudicial letters to remain on the public docket risks undermining the integrity of the record and invites further improper submissions from non-parties. The

Court has inherent authority to manage its docket and to strike or seal materials that are irrelevant, improper, or inconsistent with orderly procedure and should do so here.

  Finally, the Court has previously recognized the potential prejudice of such anonymous letters in this very case. In *United States v. Braun*, 2019 WL 7049987 (E.D.N.Y. Dec. 23, 2019), this Court expressly addressed earlier anonymous letters filed in advance of sentencing and found it concerning that defense counsel failed to monitor the docket, thus failing to object when such letters were submitted. The Court's discussion of counsel's duty underscores that anonymous submissions to the docket have the potential to be improper and prejudicial, particularly when not investigated, as here. *Id.* at *6. The same concerns previously presented are presented here again: the letter was not filed by a party, was not authorized by the Court, and invites extrajudicial speculation untethered to the evidentiary record.

  As such, the defense requests the anonymous letter be filed under seal, if at all, and not be considered by the Court at sentencing.

              Respectfully Submitted,

              *Kathryn Wozencroft*
              _____
              Kathryn Wozencroft
              Assistant Federal Defender
              (347) 802-7800

cc: AUSA Tanya Hajjar
   AUSA Rachel Bennek