*** Filed ***
06:39 PM, 05 Nov, 2025
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**UNITED STATES OF AMERICA,**
    Plaintiff,

    —against—

**JONATHAN BRAUN,**
    Defendant.

-----------------------------------------------------------------X
**Criminal Docket No. 10-CR-433 (KAM)**

**MOTION OF NON-PARTY NEWSDAY FOR UNSEALING OF ANONYMOUS LETTER REFERENCED IN GOVERNMENT'S NOVEMBER 5, 2025 FILING (ECF NO. 265)**

---

**PRELIMINARY STATEMENT**

Non-party *Newsday*, by and through its court reporter Janon Fisher, respectfully moves this Court for an order directing that the anonymous letter submitted to the U.S. Attorney's Office and referenced in the government's November 5, 2025 filing (ECF No. 265) be unsealed and made part of the public docket in this matter.

The public and press have a qualified First Amendment and common-law right of access to judicial documents, including those related to sentencing. Because the U.S. Attorney's Office has expressly stated that it "does not see a basis to seal the contents of the letter" and because no party has demonstrated a compelling reason to overcome the presumption of openness, the letter should be entered into the public record.

---

**BACKGROUND**

On November 5, 2025, the United States submitted correspondence to this Court advising that an anonymous letter had been received in connection with the supervised release violation proceeding in *United States v. Braun*. (ECF No. 265). The government stated that while it "does not see a basis to seal the contents of the letter," it "does not intend to rely on the anonymous letter in any way at sentencing."

Later that same day, defense counsel submitted a letter (ECF No. 266) requesting that the Court not file the anonymous letter on the docket or, in the alternative, that it be filed under seal. The

defense argued that the anonymous submission fails to comply with procedural rules governing party filings and should not "serve as a public forum for anonymous communications."

The government's position and the defense's opposition confirm that the letter exists, that it is in the Court's possession, and that it relates to the pending sentencing proceeding—facts sufficient to establish that the letter is a "judicial document" subject to the presumption of public access.

---

**ARGUMENT**

## I. The Anonymous Letter Is a Judicial Document Subject to a Strong Presumption of Public Access

The Second Circuit has made clear that "documents that are relevant to the performance of the judicial function and useful in the judicial process" are "judicial documents" subject to the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo* ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995); *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1048 (2d Cir. 1995).

The letter at issue was received by the Court, acknowledged in official filings by both parties, and concerns a pending sentencing proceeding. It therefore qualifies as a judicial document subject to both the common-law and First Amendment presumptions of access.

## II. The First Amendment Guarantees a Qualified Right of Access to Sentencing-Related Materials

The public's right of access to criminal proceedings extends to sentencing and related records. See *United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir. 2005) ("The public and the press have a qualified First Amendment right to attend sentencing proceedings."); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986). This right attaches to written submissions that "directly affect adjudication" or bear on the Court's exercise of sentencing discretion. See *United States v. Kravetz*, 706 F.3d 47, 56–58 (1st Cir. 2013) (letters submitted to the court about sentencing are judicial documents subject to the presumption of public access).

Transparency in sentencing is essential to maintaining public confidence in the fairness and integrity of the criminal justice system. See *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980).

## III. The Defense's Procedural Objections Do Not Overcome the Presumption of Access

The defense argues that the anonymous letter should remain sealed because it was not filed in compliance with the Local Rules or Rule 11. But those procedural requirements govern the

filings of *parties*, not the Court's treatment of documents *received* in connection with judicial proceedings.

Courts routinely maintain on the docket materials submitted by third parties, including anonymous letters, where they have been acknowledged by the parties or referenced in filings. The proper means of addressing any privacy or reliability concerns is through *redaction*, not complete sealing. See *Lugosch*, 435 F.3d at 120 (holding that redaction, not sealing, is the appropriate remedy where privacy interests are at stake).

## IV. No Compelling Interest Justifies Sealing

Neither the government nor the defense has articulated any "higher value" that would outweigh the presumption of access. See *Press-Enterprise*, 478 U.S. at 13–14. To overcome that presumption, the Court must make specific, on-the-record findings demonstrating that sealing is necessary to preserve such an interest and narrowly tailored to serve it. Id.; *Lugosch*, 435 F.3d at 120. No such showing has been made here.

---

**CONCLUSION**

For the foregoing reasons, *Newsday* respectfully requests that this Court:

1. Order that the anonymous letter referenced in the government's November 5, 2025 correspondence (ECF No. 265) be filed on the public docket in *United States v. Braun*, 10-CR-433 (KAM); or

2. In the alternative, issue findings supporting any decision to seal or withhold the letter, as required under *Lugosch* and *Press-Enterprise*.


Dated: November 5, 2025
 Melville, New York

Respectfully submitted,

**/s/ Janon Fisher**
 Janon Fisher
 Court Reporter, *Newsday*
 6 Corporate Drive
 Melville, NY 11747
 (646) 591-873
 janon.fisher@newsday.com

*Non-Party Movant*