# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and
Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

November 25, 2025

**Via ECF and Email**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, N.Y. 11201

Re:     *United States v. Jonathan Braun,* 10- cr-433 (KAM)

Dear Judge Matsumoto:

The defense respectfully submits this response to the motion filed by non-party Newsday seeking to unseal: (1) the unredacted sentencing memorandum and exhibits A & B filed at ECF No. 261, and (2) the supplemental exhibits filed under seal at ECF No. 269.

1. **Defense Sentencing Submission and Attached Medical Reports (ECF No. 261 - Exhibits A and B)**

The defense opposes the unsealing of Exhibits A and B to the October 24, 2025, sentencing submission (ECF No. 261). Those exhibits consist of detailed psychiatric and medical evaluations prepared by clinicians. They contain clinical observations, treatment history, diagnoses, medication information, and other sensitive health details that were not disclosed in open court and are not necessary to the public's understanding of the sentencing proceeding. These materials are properly treated as medical records, not advocacy documents, and courts routinely protect such documents from public disclosure even where a general presumption of access applies. Their unsealing would reveal sensitive information far exceeding what was referenced during sentencing and would intrude upon legitimate privacy interests that outweigh any public value in their disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (documents may be kept under seal where "countervailing factors" and "higher values" are at play); *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("there is a recognized privacy interest in medical records" which is a countervailing factor in favor of sealing).

At the same time, the defense is cognizant of the public's right to access. In that regard, the defense is prepared to file a significantly less-redacted version of the sentencing memorandum that discloses the conclusions of the medical reports to the extent they were expressly referenced during the public sentencing hearing. Because these conclusions were discussed aloud in open court, it is already part of the public record and the defense has no objection to including it in an unsealed filing. However, the defense respectfully requests continued sealing, or redaction, of information relating to medical treatment details, clinician identities, historical medical information, and all references to minor children, as none of this material bears on any issue decided at sentencing and disclosure would unnecessarily expose highly personal information.

This approach balances the public's qualified right of access with the countervailing privacy interests that the Second Circuit has consistently recognized as sufficient to warrant limited sealing. It ensures transparency regarding what was discussed during the sentencing proceeding, while preventing the unnecessary disclosure of sensitive medical and personal information that was never placed before the Court in open session and plays no role in the public's ability to understand the Court's decision.

### 2. Supplemental Exhibits (ECF No. 269)

The supplemental filing at ECF No. 269 consists of the victim impact statement submitted by Edward Miller, a parenting course certificate of completion, and a letter offering provisional acceptance into a treatment program. The filing was sealed because it contained Mr. Miller's letter which, at the time of filing, had not yet been publicly read. That statement was read aloud in open court during the sentencing hearing and therefore already forms part of the public record through the transcript of proceedings. In light of that fact, the defense defers to the Court as to whether the letter itself should be made publicly available on the docket or whether the publicly available transcript sufficiently reflects its content.

Should the Court direct that the letter itself be unsealed, the defense respectfully moves to redact Mr. Miller's personal identifying information, including but not limited to his home address, contact information, and any other sensitive identifiers that are unnecessary for the public's understanding of the case and are inappropriate for public dissemination. This request is narrowly tailored and consistent with the Court's obligation to safeguard personal privacy interests while honoring the presumption of access.

The defense does not object to unsealing the parenting certificate or the treatment-provider admission letter so long as the name, address, or other identifying information of the provider is redacted, as such information is private and irrelevant to the public's understanding of the sentencing.

Filed separately, under seal, the defense has included the above referenced documents with the redactions requested and is prepared to file them on them on the public docket should the Court order such.

Respectfully Submitted,

*Kathryn Wozencroft*
_____
Kathryn Wozencroft
Assistant Federal Defender
(347) 802-7800

cc: AUSA Tanya Hajjar
AUSA Rachel Bennek