

**Janon Fisher**
Courts Reporter, *Newsday*
6 Corporate Center Drive
Melville, NY 11747
janon.fisher@newsday.com
(646) 591-8732

Feb 4, 2025

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Motion to unseal restitution letter in United States v. Jonathan Braun, 10-cr-00433

Dear Judge Matsumoto,

I respectfully request that the Court unseal or release a redacted version of the victim's letter regarding restitution in United States v. Jonathan Braun.

**Legal Standards for Sealing Documents**

Under the Local Rules of the Eastern District of New York, documents are presumed to be open to the public unless the Court orders otherwise. Specifically, Local Civil Rule 6.3 requires a party seeking to file a document under seal to obtain prior permission from the Court. The party must demonstrate a compelling reason for sealing, and the Court must make specific findings justifying the sealing. The mere presence of sensitive information does not suffice to overcome the presumption of public access.

**Public Interest in the Braun Case**

As Newsday has written before, the case against Jonathan Braun has garnered significant public attention, particularly following his commutation by President Donald Trump on January 20, 2021. This action has heightened public interest in the details of his legal proceedings. Many questions remain unanswered regarding the case, which has dragged on for 15 years. His finances are very much a mystery. He received publicly-funded legal representation despite living at one time in an enormous mansion and driving expensive Italian sports cars. Now, the victim is seeking an undisclosed amount of money for an undisclosed reason. Our open court system gives the public a qualified right to scrutinize the request for restitution and its rationale. If there is personal information in the letter, the government is compelled to redact that information and release the portions that do not infringe on the victim's privacy.

**Contradictory Evidence Regarding Financial Need**

During post-release supervision violation hearings, evidence was presented that appears to contradict Braun's claim of financial hardship. It's unclear from court records what happened to the millions of dollars that he earned through his involvement in illicit drug trafficking and loan sharking. As previously stated, Braun employs a butler and a spiritual advisor. His lack of employment and his expensive lifestyle indicate that he has financial resources available to him. These discrepancies raise questions about the accuracy of Braun's statements about his finances and underscore the importance of public access to the letter and subsequent filings regarding the issue of restitution.

**Conclusion**

Sealing the victim's letter in this case runs contrary to established legal standards and the principles of transparency in federal court proceedings. The public interest in understanding the injury caused to the victim and Braun's finances warrants the unsealing of this document.

I respectfully request that the Court grant this motion and unseal the victim's letter seeking restitution in the interest of justice and public transparency.

Thank you for your consideration.

Sincerely,

Janon Fisher
 Courts Reporter, *Newsday*